GRACE BAILEY, Plaintiff, *v.* EARL P. COVENTRY, Defendant.
KENNETH BAILEY, an Infant, by GRACE BAILEY, His Guardian
ad Litem, Plaintiff, *v.* EARL P. COVENTRY, Defendant.

Supreme Court, Saratoga County, August 31, 1927.

Insurance — automobile liability insurance — motion by attorney for
insurer to withdraw appearance for insured — summons was sent to
defendant in Canada and by him sent to insurer — insurer sent sum-
mons to attorney who filed appearance without notice that insurer dis-
claimed liability under delay and co-operation clause — no showing that
attorney was without authority to appear for insured — motion denied.

The defendant, a resident of Canada, received a summons by mail in this action
based on an automobile accident which occurred in this State. The defendant
promptly sent the summons to his insurance carrier which in turn sent the sum-
mons to its attorney who filed a notice of appearance. Prior to the time the
summons was received by the insurer it had disclaimed liability because of the
delay on the part of the insured, the defendant, in not reporting the accident
and for his failure to co-operate. This fact was unknown to the attorney when he
filed his notice of appearance, and as soon as he became aware thereof he promptly
made this motion to withdraw the notice of appearance. The motion to with-
draw is denied, since it is not shown that the insurer or the attorney were with-
out authority from the defendant to appear for him in the action.

MOTION by Clarence R. Watson, an attorney, to withdraw
notices of appearance for the defendant filed by him in two actions.

*Clarence R. Watson [Butler, Kilmer, Hoey & Butler, by Charles
L. Hoey of counsel], for the motion.*

*Leary & Fullerton [Alson W. Pitkin of counsel], for the plaintiffs,
opposed.*

GOLDSMITH, J. This is an application by Clarence R. Watson,
an attorney, to withdraw notices of appearance for the defendant
served by him upon the plaintiffs' attorneys. The application
comes before the court upon an order to show cause directed to
the plaintiffs' attorneys.

The moving papers show that on April 16, 1927, while the
defendant was enroute by automobile from Glens Falls, N. Y.,
to Guitaneau, Can., where he was under an engagement for
employment, his automobile collided with an automobile owned
by the plaintiff Grace Bailey, and operated by her minor son, the
plaintiff Kenneth Bailey. The accident occurred around four-
thirty o'clock in the afternoon about one and one-quarter miles
north of the village of Schroon Lake, N. Y. The operators of both
cars were arrested by New York State troopers who were patrolling

the highway, taken before a justice of the peace and charged with reckless driving. The defendant pleaded guilty to the charge preferred, received a suspended sentence, and immediately pro· ceeded to Guitaneau, Can., where he has since remained and is now located.

It appears that the defendant held a standard casualty policy of insurance issued to him by the New York Indemnity Company, a New York corporation, undertaking to protect him from liability to a stranger, arising from negligence in the operation of an automobile. This contract of insurance, among other provisions, contained the following:

## " NOTICE OF ACCIDENTS

" D. Upon the occurrence of an accident involving bodily injuries or death, or damage to property of others, the Assured shall give prompt written notice thereof with the fullest information obtainable at the time to the New York Office of the Company or to one of its duly authorized agents. The Assured shall. give like notice with full particulars of any claim made on account of such accident. If suit is brought against the assured to enforce such claim the assured shall promptly forward to the New York Office of the Company every summons or other process that may be served upon the assured."

## " COOPERATION OF ASSURED

" F. In connection with accidents covered by Insuring Agreements 1 and 3, the Assured shall not voluntarily assume any liability nor incur any expense, other than for immediate surgical relief, nor settle any claim, except at the Assured's own cost. The Assured shall not interfere in any negotiation for settlement, nor in any legal proceeding; but, whenever. requested by the Company, and at the Company's expense the Assured shall aid in securing information and evidence and the attendance of witnesses, and shall co-operate with the Company (except in a pecuniary way) in all matters which the Company deems necessary in the defense of any suit or in the prosecution of any appeal."

On June thirteenth plaintiffs' attorneys sent to the defendant by mail a letter addressed to his Glens Falls residence, requesting information as to the insurance coverage on defendant's car. On June seventeenth, for the first time, defendant wrote from Guitaneau, Can., to the Hitchcock-Barrow Agency at Glens Falls, agents for the insurance carrier, hereafter called the company, advising of the accident and giving the time and place thereof. On June twenty-first, some nine and one-half weeks after the occurrence of the accident, the company received notice of the accident on

the usual form, giving details of the accident. On June twenty-third the company, from its Schenectady claim department, wrote to the defendant "that due to the delay between the date of the accident and the date of notification thereof to the insurance company their rights had been prejudiced and that any action taken by the company in connection with the investigation, settling or defense of any claim or suit on account of the accident should not be held to be any admission by the company that any policy or policies issued by it covered the accident and reserving all its rights in the premises." On June twenty-fifth a summons in each action was issued by the attorneys for the plaintiffs, no complaint being attached, and, failing to procure service upon the defendant at Glens Falls, said attorneys sent by mail the summons in each case to the defendant, addressed to him at Guitaneau, Can. Subsequently the summons in both actions were received by the Schenectady claim department of the company from the defendant and were forwarded by mail by said claim department to the applicant, Attorney Watson, who was and still is the attorney for the company. He received copies of both summons on July twelfth, but at that time he had not received the file of the cases from the claim department. It does not appear that any instructions, directions or limitations upon his authority were transmitted by the claim department with the summons, although the file, with reservation to disclaim, was in its possession. While Attorney Watson was absent from his office his stenographer, upon the same day that the processes were received, prepared notice of retainer in each action and sent the same by mail to plaintiffs' attorneys, who received them on the following day.

Complaints in the actions were received by Attorney Watson through the mail from plaintiffs' attorneys on July twenty-seventh. He then sent to the Schenectady office for the file in the cases and, after an examination of the same, he became acquainted for the first time with the alleged delayed notice of accident and lack of co-operation by the defendant and with the action of the company in notifying defendant of the reservation of its right to disclaim liability under the policy. Applicant then determined to deny liability on behalf of the company and on July thirtieth sent notice to this effect by registered mail to the defendant at Guitaneau, Can., and further advised him that the company had instructed him "to withdraw his appearance (in these cases) due to reasons of controversies between said defendant and it." At the same time, with a notice of similar import, applicant returned the copies of the summons and complaints in both actions to plaintiffs' attorneys. On August eighth these papers were returned

to applicant by plaintiffs' attorneys with advice that they refused to recognize such withdrawal of appearance. Attorney Watson thereupon sought relief from the court through this application. He contends that the notices of retainer were served by him " by mistake, misapprehension and in ignorance of the true facts and circumstances." He further asserts that, unless he is permitted to withdraw the notices of appearance, the rights of said company will be prejudiced and injury and damage will result to it.

This motion presents an unusual situation. Applicant is under retainer from the company to defend actions instituted against its assured. For that reason he served notices of retainer by the defendant in these actions. He now wishes to withdraw his appearance in both cases because he believes that his appearance therein might be construed as a waiver of the company's right to disclaim liability. The company is not a party to these actions, yet it has an interest in the acts of Attorney Watson in this litigation since he is paid by the company for his services and appeared for the defendant on behalf of the company, and his participation in these cases might subject this company to liability upon any judgment recovered therein against the defendant.

The notices of retainer were undoubtedly served through mistake and misapprehension or ignorance of the facts on the part of Attorney Watson. As soon as he learned the real circumstances of the case from the claim department of the company, he took immediate steps to disclaim liability on behalf of the company and to withdraw his notices of appearance. Upon the refusal of plaintiffs' attorneys to permit him to withdraw his appearance, he applied to this court for relief.

The motion is addressed to the discretion of the court (*Becker* v. *Lamont,* 13 How. Pr. 23), and I do not hesitate to recognize Attorney Watson's plea to be freed from further participation in these actions. If his client, the company, is correct in its decision that defendant has breached his contract with the company by failure to give timely notice of the accident and to properly co-operate in the defense of these actions, and the subsequent acts of the company do not constitute a waiver, then there is no obligation upon the part of the company and Attorney Watson to defend these cases. But the request here is for leave to withdraw the notices of appearance filed therein. I do not think that the applicant is entitled to such relief upon this motion. In the cases under consideration there was not due service of process upon the defendant and any jurisdiction that the court has acquired over the defendant is dependent upon the notices of retainer served upon plaintiffs' attorneys by applicant. (*Reed* v. *Chilson,* 142 N. Y. 152.) The moving

affidavits do not show that the company or the applicant were without authority from the defendant to appear for him. The summons having been sent to the company by the defendant, the reasonable inference is that authority to appear was intended by this action of the defendant. This presumption, however, is not conclusive and may be refuted by competent proof to the contrary. Such proof in *Mallet* v. *Girard* (3 Edw. Ch. 372) was held to be an " express disavowal of such solicitor's authority " by the defendant. In that case the motion was denied because of failure to file an affidavit of defendant denying the attorney's authority to appear. In *Dillingham* v. *Barron* (26 N. Y. Supp. 1109) it appeared by affidavit of the attorney that he had entered a general appearance for the defendant, whereas his specific written instructions were to file " a special appearance." The motion was granted on the ground that the appearance was unauthorized.

I do not know of any case where notice of appearance has been allowed to be withdrawn upon application of the attorney where there was not satisfactory evidence presented that the appearance was unauthorized. To permit Attorney Watson to withdraw his appearance in these actions might deprive the court of jurisdiction of the defendant when there is nothing in the proceedings before the court to indicate that the defendant did not intend to submit to the jurisdiction of the court.

The applicant, if he so desires, may have an order, as of the date of his application to the court, to withdraw as attorney from further participation in both actions. The relief requested, however, to withdraw notices of appearance, is denied without prejudice to the defendant.

Motion denied, without prejudice to the defendant. No costs. Submit order.