Daly, J.
The attorneys of record for the New York City Housing Authority, a defendant in this action to recover damages for personal injuries allegedly sustained by the plaintiff in *741 the course of demolition work performed by his employer, move for an order permitting them to withdraw as such attorneys.
The movants were engaged as attorneys by a casualty company which had issued to the authority a contingent liability insurance policy in connection with the demolition work performed by plaintiff’s employer. They claim that at an examination before trial of one of the authority’s employees, he testified that the hole in which the plaintiff claims to have fallen was created by the removal of a telephone pole by electricians directly in the employ of the authority and not the plaintiff’s employer and that, therefore, the contingent liability policy issued by the casualty company which employed them does not afford coverage to the authority for the claim asserted by the plaintiff in this action.
Aside from the fact that testimony taken at an examination before trial is not a conclusive admission because it may be met by other evidence depriving it of conclusiveness and creating an issue of fact with respect thereto (Gracie Square Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 278; Drivas v. Zaharakos, N. Y. L. J., March 1, 1940, p. 965, col. 4), the testimony of the witness here relied upon, itself, is inconclusive since he said that he did not know who had removed the pole and that the employees of the demolition company were working at the scene of the accident and that the pole in question was the only pole removed in that particular area. In any event, a motion such as this is hardly the appropriate occasion to determine whether a particular accident comes within the coverage afforded by a policy issued by a casualty company. There should be a plenary action for a declaratory judgment. (See authorities cited in General Acc., Fire & Life Assur. Corp. v. Haiduk, 127 N. Y. S. 2d 608; New York Cas. Co. v. Barbieri, 196 Misc. 203, and General Acc., Fire & Life Assur. Corp. v. Skow, N. Y. L. J., Nov. 28, 1955, p. 13, col. 6.)
The motion is accordingly denied, without prejudice.
Submit order.