MURPHY *v.* WILSON.

5-1467 310 S. W. 2d 1

Opinion delivered February 17, 1958.

*P. E. Dobbs,* for appellant.

*Sigun Rasmussen,* for appellee.

PAUL WARD, Associate Justice. Appellant, William (Bill) Murphy, brought suit against appellee, Clyde Wilson, for damaging a truck-tractor and a low boy trailer attached thereto. After hearing testimony introduced by both parties the trial judge, sitting as a jury, dismissed the complaint.

The complaint, which is copied in full in appellant's abstract, states a cause of action for damages. The pertinent parts read as follows:

On or about July 20, 1954, the defendant and one of his employees took a certain Diamond T tractor truck belonging to the plaintiff, without plaintiff's consent or knowledge, and said employee, under the directions of the defendant, was driving same with what is known as a low boy attached thereto to a certain job of the defendant, for the purpose of hauling certain heavy equipment belonging to said defendant, and while so driving and operating said tractor truck, the employee of said defendant wrecked and practically demolished said tractor truck and low boy attached thereto, resulting in damage to said tractor truck in the sum of $1,600 and to said low boy in the sum of $133.50 making a total sum of $1,733.50.

The plaintiff has made demand of defendant for the damage sustained to his equipment, but same has been refused by said defendant.

Wherefore, plaintiff prays that he have judgment against the defendant in the sum of $1,733.50, and for his costs herein expended and for all other and proper relief to which he is entitled.

The answer denies "each and every material allegation contained in said complaint".

The judgment and findings of the trial court are not abstracted, so we assume, since there is an admission of damage, that the complaint was dismissed for the lack of evidence to sustain it.

It is our conclusion however that the testimony abstracted by appellant shows appellee to be liable. A summary of that abstracted testimony follows:

*Appellant.* I am the owner of the truck and low boy; I purchased same for $800 in 1954 and paid out $436 for new tires, $236.87 for work on the motor, and $135.50 for welding; I did not give appellee permission to use it; I later learned at the hospital that Raymond Lindsey was driving the truck; I didn't give Lindsey authority to use it, and Lindsey was not working for me at the time; Lindsey had worked for me previously, and; I valued the truck at $2,500 and it was completely destroyed.

*Raymond Lindsey.* I was the driver of the truck at the time; I had previously worked for both parties; when I had the wreck I was working for appellee, who hired me the day before; he (appellee) came to my house about 5:30 A.M., and I went with him in his car; he took me to where appellant's truck was parked on highway No. 7 and I asked him if that was the truck we were going to use, and he said it was; I got the truck and started to town, and at the intersection of highways 70 and 270 I wrecked it; I was injured, and was awarded compensation as an employee of Mr. Wilson (appellee), and; I do not believe this truck can be purchased under $1,800 or $2,000.

*William Hendrix.* Appellee came to my house to hire Lindsey, and I know they came and got the truck the next morning.

*Mike Richards* valued the truck in 1954, in good shape, at $2,000.

*Clyde Wilson.* I was present when the Workmen's Compensation Commission had a hearing to determine if Lindsey was entitled to compensation, and he being my employee, it was held he was my employee; my defense at the time is the same as it is here; I merely got into my car and went to Mr. Lindsey's house the next morning after I was out on the job that afternoon; I got him out of bed and drove him in my car; I knew the truck belonged to Bill Murphy; I got no authority myself from Mr. Murphy to move this truck at all other than through Lindsey; I heard Mr. Hendrix's testimony that I came out there and stopped and came up on the bank — that is true; I assumed the truck belonged to Mr. Murphy; it did not have his name on it; I agree that I didn't talk to Mr. Murphy, and; I knew that Mr. Lindsey had been working for Mr. Murphy as an employee.

Appellee abstracts no testimony at all. He does make several references to the findings of the trial court, but abstracts no testimony to support those findings, and they are not supported by appellant's abstract. It may well be that appellant's abstract omits portions of the record which justified the dismissal of the complaint by the trial court. If this is true appellee had the option, under Rule 9 (e) of this court, to supply the same. Not having done so, the judgment of the trial court must be reversed and remanded.