Louis L. Friedman, J.
The attorney for the defendants moves for an order allowing him to withdraw as such attorney, and further allowing the defendants sufficient time to retain other counsel.
The affidavit of service annexed to the moving papers is improper in form, but the court will permit a proper affidavit of service to be filed, and, assuming that such will be done, the court will determine the motion upon its merits. The new affidavit of service to be submitted should show proper service upon the defendants. No affidavit of service need be submitted with respect to the plaintiffs, since plaintiffs have appeared in opposition to this motion. :
The moving papers allege as the reason for the attempted withdrawal as counsel of defendants’ present attorney, that said attorney was retained by an insurance company which had issued a policy of insurance to the defendants, covering the premises where the accident which is the basis of this lawsuit, took place. The attorney asserts that upon being retained by the insurance company to represent the defendants, that said attorney interposed an answer in behalf of the defendants. The action itself was commenced in February of 1958, even though the accident was alleged to have occurred in May of 1955.
Because of the lapse of time between the happening of the accident and the commencement of the lawsuit, the insurance company was unable to conduct a proper investigation, and it. was not until April 3,1958, about two months after the summons and complaint were served and about 10 days after the answer was interposed, that defendants were interviewed by investigators for this insurance company. It is alleged in the moving papers that at that time, said defendants signed statements which stated that they knew of the- accident in May of 1955, but did not report it until February of 1958. Armed with this information, and asserting that such failure to notify the insurance company promptly was a breach of the terms of the policy of insurance, the insurance company wrote the defendants by registered mail, disclaiming liability under the policy and forwarding the pleadings to the defendants, with instructions to *1065 arrange for substitution of counsel. On June 2, 1958, the moving attorney received a telephone call from another lawyer advising that he had been retained by the defendants and would arrange for a substitution of attorneys. No such substitution has been received by the moving attorney.
Defendants’ attorney now finds himself in the position where he is not acting as attorney for the defendants, but is as yet named as such attorney, and the only way in which he can be relieved of any obligation is through this motion. His former clients, the defendants herein, have not interposed any opposition to the motion, but the attorney for the plaintiffs has appeared and opposed, contending that the insurance company should not be allowed at this time to deny its liability on the policy. The difficulty with plaintiffs’ position, however, is that plaintiffs have no right to object to the withdrawal of counsel. Plaintiffs ’ rights are in no way affected by such withdrawal, since the plaintiffs still have their remedy in the event of a recovery in this action, and the withdrawal of counsel for the defendants and the substitution of some other attorney can in no wise affect plaintiffs ’ rights against the insurance company, if any exist at this time and in the event that plaintiffs recover a judgment.
Accordingly, the motion is granted. Settle order on notice, providing that a copy of the order to be entered herein be served personally upon each of the defendants, and that in addition thereto another copy be served upon the defendants by registered mail. Such service upon the defendants shall be made within 10 days after the entry of the order herein. The order. shall further provide that defendants may appear personally or through counsel, by serving a notice of appearance upon plaintiffs’ attorney, and failing such service of a notice of appearance plaintiffs’ attorney may thereafter serve all papers in this action upon defendants personally, by ordinary mail, in the same manner as they would have been served upon the original attorney for the defendants herein.