John E. Cone, J.
The attorneys for defendant Inocencio, having heretofore appeared in this action on his behalf at the behest of said defendant’s insurance carrier, make this motion for leave to withdraw as attorneys on the ground that the carrier has since disclaimed liability due to the assured’s alleged violations relating to timely notice and co-operation provided for in the covering auto liability policy. The instant motion was brought after the attorneys entered their appearance and accepted service of the complaint, but prior to the expiration of the time to answer. Apparently, no answer has yet been served on behalf of said defendant. There having been no objection interposed by the named defendant, the motion is granted (Cenetempo v. Raia, 16 Misc 2d 1063). It is indisputable that an “attorney may terminate the relationship only for good and sufficient cause and upon reasonable notice. (Matter of Dunn, 205 N. Y. 398) * * * ” (Seleznow v. Shub, 136 Misc. 365, 366; see, also, 7 C. J. S., Attorney and Client, § 110, p. 943 et seq.). While the carrier’s allegations pertaining to the assured’s alleged breaches of contract are wholly unsupported by material averments of fact, they remain nonetheless uncontroverted. But coupled with that fact is also the fact that the carrier has actually disclaimed liability. The court is thereupon required to make a finding that the attorneys have shown good and sufficient cause entitling them to be permitted “ to withdraw as attorney [s] from further participation in” the action (Bailey v. Coventry, 130 Misc. 269, 273). As regards the merits of the carrier’s disclaimer of liability, only a plenary suit will determine that question and also the question of the rights and liabilities of the respective parties to the action (see Brooks v. City of New York, 1 Misc 2d 592 and cases therein cited). Since the plaintiffs ’ rights are in no way affected by the determination of the instant controversy between the named defendant and his attorneys, the plaintiffs may not intervene herein upon the merits of such controversy, and therefore may not interpose their objection to the withdrawal of counsel (Cenetempo v. Raia, supra). Let the order to be entered herein *93 include provisions for (1) service of a copy of the order upon the named defendant by registered mail within 10 days after entry thereof, (2) delivery of all pleadings to the said defendant by registered mail, (3) extension of said defendant’s time to interpose his answer to the complaint either personally or by attorney within 20 days after service of the order herein with notice of entry, and (4) service upon the attorney for the plaintiffs of the original affidavits showing service upon said defendant of the order and of the pleadings. Settle order on notice.