Jacob J. Schwartzwald, J.
In a negligence action the attorneys for the insurance carrier, having heretofore entered their appearance on behalf of both defendants, consisting of the assured owner of the automobile involved and the operator thereof, the defendant Rodriguez, and having served their answer only on behalf of the owner, make this application for leave to withdraw as attorneys for the operator upon the ground that the owner denies having given the operator permission or consent to operate the vehicle, which had allegedly been left in the care of a repairman. The operator asserts in substance that there existed at least an implied consent on the part of the owner.
Since the attorneys served their notice of appearance prior to the full development of the foregoing facts, culminating in the present impasse between the owner and operator, wherein the position of each, based upon the facts pertaining to the alleged implied consent, is diametrically opposed to the other, the attorneys seek to terminate their representation of the defendant operator upon the ground that it would be impossible to represent both the owner and operator, whose right to operate has been denied by the assured, and upon the further ground that the carrier is under no duty to represent a driver where the owner denies permission to operate.
It is an established principle of law that an attorney ‘ ‘ may terminate his relationship at any time for a good and sufficient cause and upon reasonable notice.” (Matter of Dunn, 205 N. Y. 398, 403; see, also, 7 C. J. S., Attorney and Client, § 110, p. 943 et seq.)
To compel an attorney to represent a defendant, whose position conflicts with that of a codefendant, whom the attorneys are primarily obligated to represent by virtue of the insurance contract with the carrier, would give rise to the creation of a situation disruptive of the long-accepted concept of attorney-client relationship by violating the underlying fundamental *683 “ elements of trust and confidence on the part of the client and of undivided loyalty and devotion on the part of the attorney ” (Matter of Dunn, supra, p. 402).
The court finds that good and sufficient cause has been shown warranting the granting of permission to the attorneys for the defendant operator Rodriguez “to withdraw as attorney[s] from further participation in ” the action. (Bailey v. Coventry, 130 Misc. 269, 273.)
As regards the merits of the carrier’s disclaimer of liability resulting from the withdrawal of its attorneys by the instant application, only a plenary suit will determine that question and also the question of the rights and liabilities of the respective parties to the action. (See Brooks v. City of New York, 1 Misc 2d 592 and cases therein cited.)
Since the plaintiffs’ rights are in no way affected by the determination of the instant controversy between the defendant operator and the attorneys, the plaintiffs may not intervene upon the merits of such controversy and therefore may not interpose their objection to the withdrawal of counsel. (Cenetempo v. Raia, 16 Misc 2d 1063; Grittano v. Flannery, 21 Misc 2d 91.)
In addition to providing for service of copies of the order to be entered herein upon the attorney for the plaintiffs and the attorney for the defendant Rodriguez appearing specially herein, let the order include provisions for (1) service of a copy of the order upon the defendant Rodriguez by registered mail within 10 days after entry thereof, (2) delivery of all pleadings to the said defendant by registered mail, (3) extension of said defendant’s time to interpose his answer to the complaint either personally or by attorney within 20 days after service of the order herein with notice of entry, and (4) service upon the attorney for the plaintiffs of the original affidavit showing service upon said defendant of the order and of the pleadings.
Motion granted. Settle order on notice.