Jacob J. Schwartzwald, J.
In a negligence action plaintiffs move to strike defendant Solomon’s answer for willful failure to appear for examination before trial. By cross motion Solomon’s attorneys, who at the behest of an insurance carrier have been defending the action against him, move for an order granting them leave to withdraw as attorneys on his behalf upon the ground that the defendant has been unavailable in the defense of the action by having moved from his last-known home address, and having severed himself from his last-known place of employment, without leaving a forwarding address or notifying his' attorneys of his present whereabouts.
In regards to the principal motion, the bare assertion by plaintiffs ’ attorney in the moving affidavit that on the 20th day of May, 1956, more than three years ago, a notice of the examination before trial was served on the defendants’ attorneys, that said examination was adjourned several times for the purpose of allowing defendants’ examination of the plaintiff before trial, that since the completion in the interim of the latter examination defendants’ attorneys have been requested by phone and letter to produce the defendant Solomon for examination, is wholly lacking of a single factual averment showing or tending to show any willfulness on the part of the said defendant in failing to appear for examination before trial. Nor has the deficiency been supplied by the supplementary affidavit submitted by plaintiffs’ attorney wherein it is noted that the said defendant had appeared for examination on the return date of the notice.
*859 According to the facts as appear from the affidavit of defendant’s attorneys, the defendant has apparently moved without leaving a forwarding address. The statement by plaintiffs’ attorney that defendant should have maintained contact with his attorneys lacks probative value as evidence of willfulness.
Actually, the situation is one in which counsel for both sides have been thwarted in their attempts in 1959 to reschedule the adjourned 1956 examination before trial due to Solomon’s removal in 1958 without leaving any trace as to his whereabouts.
There is wholly lacking in the record any evidence indicating that defendant Solomon’s “failure to appear for examination was that willful failure contemplated by the statute (Civ. Prac. Act, § 299) which permits the striking of his answer.” (Mack v. Edell, 284 App. Div. 1022, 1023; Mills v. Capello, 6 A D 2d 841; Kallus v. Sadacca, 6 A D 2d 815.)
Even assuming that the failure of Solomon’s attorneys to agree to a date to conduct the adjourned examination constitutes a default, unless barred by the defense of laches, the court would not be warranted in making a finding that such default under the circumstances is “so clearly deliberate and contumacious as to justify the extreme and drastic relief of striking out the answer (Levine v. Barricini, 278 App. Div. 801).” (Vastola v. Canariato, 8 A D 2d 961.)
As to the cross motion for leave to withdraw, upon the facts appearing herein the court is constrained to find that the attorneys for the defendant Solomon have made a sufficient showing of cause, upon the ground of defendant’s failure to co-operate, permitting such withdrawal. (Bailey v. Coventry, 130 Misc. 269; see, also, Matter of Dunn, 205 N. Y. 398; 7 C. J. S., Attorney and Client, § 110, p. 943 et seq.)
The court does not pass upon the merits of the controversy between the defendant Solomon and his attorneys. It is aware of the fact that the defendant appeared for examination upon the return date of the notice, that more than three years elapsed since the examination was adjourned without date, and that the defendant was in the employ of the codefendant and available for examination at least until July 25, 1958 or within several months thereafter. The court necessarily leaves open the question as to whether the fault for the present situation, wherein the defendant is unavailable for the defense of the action, may properly be charged to the defendant. The intervening lapse of an exceptionally long period of time is not suggestive of diligence. During the interval defendants conducted an examination of the plaintiff in which 14 hours were consumed over a period of three days. Otherwise, the papers on behalf of both *860 sides significantly lack specifications pertaining to dates and details. The first factually reported date thereafter appearing in the papers is August 10, 1959 when defendant’s attorneys dispatched their initial letter to the defendant apprising him of the necessity for the examination.
In view of defendant’s attorneys’ relationship with the insurance carrier and that the attorneys’ application to withdraw is tantamount to a disclaimer by the carrier, it would be unwise to compel the attorneys to continue to represent a defendant whose position now conflicts with that of the carrier. The opposing interests would give rise to the creation of a situation disruptive of the long-accepted concept of attorney-client relationship by violating the underlying ‘ ‘ elements of trust and confidence on the part of the client and of undivided loyalty and devotion on the part of the attorney ” (Matter of Dunn, supra, p. 402).
As regards the merits of the carrier’s disclaimer of liability resulting from the withdrawal of its attorneys by the instant application, only a plenary suit will determine that question and also the question of the rights and liabilities of the respective parties to the action. (See Brooks v. City of New York, 1 Misc 2d 740 and cases therein cited.)
Since the plaintiffs ’ rights are in no way affected by the determination of the instant controversy between the defendant and the attorneys, the plaintiffs may not intervene upon the merits of such controversy and therefore may not interpose their objection to the withdrawal of counsel. (Cenetempo v. Raia, 16 Misc 2d 1063; Grittano v. Flannery, 21 Misc 2d 91.)
Plaintiffs’ motion to strike is denied. Defendants’ attorneys’ cross motion for leave to withdraw as attorneys for defendant Solomon is granted. Let the latter order include provision for service of copies of the order to be entered herein upon the defendant Solomon at his last-known addresses. Submit separate orders, to be settled on notice.