James J. Conroy, J.
This is a motion by the attorneys for the defendants for permission to withdraw as said attorneys.
The action is for personal injuries allegedly sustained by the female plaintiff due to the negligence of the defendants on October 9, 1957. The movants were retained to represent the defendants by an agent of the Ultramar Inter-American Corp., a liability insurance carrier, whose offices and principal place of business were in Havana, Cuba. After they were retained, the movants undertook the defense of the action on behalf of the defendants and have conducted all proceedings to date. Beginning in or about April, 1961, all communications addressed by the movants to the insurance carrier were unanswered and the movants later learned that the Cuban Government had seized the carrier and all of its assets. When the movants became aware of the situation, they wrote two letters to the defendants, one dated May 11,1961, and the other dated July 29, 1961, in which they informed them of the situation and requested them to obtain other counsel to continue the defense of the action.
The movants contend that they have no funds to negotiate any settlement on behalf of the defendants nor have they received any moneys in payment for their services and disbursements incurred in defending the action to date. They further contend that the adjusting and investigating firm which had been hired by the insurance company to investigate and prepare the case for trial had ceased all operations in connection with this case and refuses to do anything further unless it receives payment or guarantee of payment for such services.
The defendant Charles L. Oltmann, by his personal attorney, appearing specially to oppose this motion, contends that no liability insurance policy was ever issued by Ultramar Inter- *37 American Corp., but that a cover note of insurance had been issued by a New York insurance broker effecting liability insurance with the ‘ ‘ LATIN AMERICAN POOL AND BRITISH COMPANIES ’ \ The defendant further contends that two companies were underwriting this insurance, one of which was a Cuban carrier and the other a British carrier which is now in voluntary liquidation; that the British company has assets and can be held accountable; and that the court should direct a reference, apparently to determine whether or not the British company should be required to defend the action.
The rule is well established that an attorney may terminate his relationship with a client at any time for a good and sufficient cause and upon reasonable notice. (Galante v. Dahlstrom, 21 Misc 2d 681, 682; Grittano v. Flannery, 21 Misc 2d 91.) The attorneys herein served notice upon the defendants of their intention to withdraw more than four months prior to this motion. In the opinion of this court, they have also shown good and sufficient cause to withdraw. The defendants do not deny that these attorneys were hired by a Cuban insurance company which has now been seized by the Cuban Government; that they have received no payment for their legal services to date nor for their disbursements; that they have no funds with which to settle the action; and that the investigating and adjusting company hired by the insurance carrier which retained them has refused to furnish its services without payment or guarantee of payment. Under these circumstances, it would not be possible for them to adequately represent the defendants at the trial or in any settlement discussions. Moreover, it would seem to be manifestly injust to require them to perform further legal services without the possibility of compensation or the reimbursement of their disbursements.
The defendant Charles L. Oltmann by requesting a reference is in fact asking the court to make a declaration of his rights under the insurance binder. This may not be done on a motion such as the one before the court. The defendant’s remedy is a plenary action. (Grittano v. Flannery, supra.) Moreover, the court is of the opinion that even if the Cuban insurance company did not underwrite the insurance and, therefore, acted erroneously when it undertook the defense of the action and retained the movants, there would be sufficient reason for the court to exercise its discretion on behalf of the movants. (Bailey v. Coventry, 130 Misc 269.)
Accordingly, the motion is granted. Let the order to be entered hereon provide for the delivery of all pleadings to *38 the defendants by the movants by registered mail. This disposition is without prejudice to any rights of the defendants or the plaintiffs herein against the defendants’ insurance carrier pursuant to the terms of the contract or to the provisions of the New York State Insurance Law.