HELEN McKELVEY et al., Respondents, v. CHARLES L. OLTMANN et al., Appellants. ROBINSON & GALES, Respondents.— In a negligence action, defendants appeal from an order of the Supreme Court, Queens County, dated November 27, 1961, which granted the motion of Robinson & Gales, Esqs., to withdraw as the attorneys for said defendants. The order provides that said attorneys, Robinson & Gales, deliver all of the pleadings in the action to defendants, and that the granting of the motion and the delivery of the pleadings are without prejudice to any rights of defendants or the plaintiffs against defendants' insurance carrier pursuant to the terms of the contract or to the provisions of the New York State Insurance Law. Order modified by adding a provision that, in addition to the pleadings, the withdrawing attorneys shall deliver to defendants all reports, depositions and other papers in their possession or control relating to this action and to the accident which gave rise thereto. As so modified, the order is affirmed, without costs. Said attorneys were retained to act as defendants' attorneys by an insurance carrier which had its office and principal place of business in Havana, Cuba. Sometime after the attorneys undertook the defense of the action, the carrier and all of its assets were seized by the Cuban government and all communication with the carrier has ceased. Said attorneys have not been paid for their services or disbursements and have no funds with which to settle the action. Under the circumstances, we are of the opinion that they have shown good cause for withdrawing from the defense of the action. We are also of the opinion, however, that defendants are entitled to the withdrawing attorneys' entire file, in order to enable them to continue properly with the defense of the action. It appears from the record presented that the attorneys were not retained by defendants and that the attorneys have no claim for compensation against defendants. Hence, it would be unfair and inequitable to require defendants to pay the attorneys for their services, on pain of being seriously prejudiced in the conduct of their defense if they failed to make such payment. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur. [32 Misc 2d 36.]