**EL MORRO FOOD DISTRIBUTORS, INC., Plaintiff,**

v.

**W. M. TYNAN AND COMPANY, Inc., Defendant.**

United States District Court
S. D. New York.

Aug. 13, 1963.

Greenhill & Speyer, New York City, for plaintiff.

Liebman, Eulau & Robinson, New York City, for defendant in opposition to this motion.

McLEAN, District Judge.

This is a motion by the law firm of Greenhill & Speyer, attorneys of record for defendant, to withdraw as attorneys from further participation in this action.

Defendant is a motor common carrier engaged in the business of transporting goods in interstate commerce. On August 3 and 4, 1962, defendant transported 420 cartons of frozen shrimp, the property of plaintiff, and valued at $13,410, from New York to a consignee in Jackson, Ohio.

At this time there was in full force and effect Transportation Policy No. 365 AJ 1099 issued by the St. Paul Fire and Marine Insurance Company ("St. Paul") to defendant. This policy insured defendant against loss or damage to goods

and merchandise, including frozen fish, while in due course of transportation. There was no provision in this policy which obligated St. Paul to defend an action brought against defendant.

On August 6, 1962, plaintiff orally notified defendant that the consignee in Jackson had advised plaintiff that, due to a mechanical breakdown of refrigeration equipment on defendant's trailer, the load of shrimp had been delivered in a decomposed state and had been rejected. On August 17, 1962, plaintiff made a written demand upon defendant to pay the total loss of $13,410. On September 17, 1962, defendant first reported the loss to St. Paul. Under a "Non-Waiver Agreement," signed by defendant, St. Paul, through its agent, thereafter proceeded to investigate the loss.

On September 24, 1962, defendant issued a check to plaintiff. On September 26, however, after consultation with St. Paul's agent and acting upon its recommendation, defendant stopped payment on that check.

On November 23, 1962, plaintiff instituted the present action in the New York Supreme Court, Kings County. The complaint sets forth three causes of action: one based on breach of contract, one based on negligence, and one based on an alleged settlement of the claim by defendant. Plaintiff seeks recovery of $13,410 in this action.

On November 29, 1962, defendant and St. Paul entered into a second "Non-Waiver Agreement." This agreement, prepared by St. Paul, first stated that on October 30, 1962 St. Paul had disclaimed liability for the August 3 and 4 loss, "as the loss does not fall under the protection of the policy." Nevertheless, the agreement went on to recite that because of defendant's request, St. Paul "will arrange for the necessary defense" of the present action. The agreement provided that St. Paul's agreement to defend was "without prejudice" and was not a waiver of the conditions of the policy.

St. Paul assigned the defense of this action to the law firm of Greenhill & Speyer, who prepared the answer and who have represented defendant in all subsequent proceedings. These proceedings have included the removal of the action to this court on December 11, 1962, the drafting and service of defendant's interrogatories, the answering of plaintiff's interrogatories, and the taking of depositions.

In March 1963, plaintiff filed its note of issue, to which Greenhill & Speyer did not object. On April 20, 1963, a pretrial order was signed requiring both sides to designate trial counsel. On April 23 Greenhill & Speyer filed a notice that Mr. Simon Greenhill was designated trial counsel for defendant. No pre-trial conferences have yet been held.

On May 7, 1963, Greenhill & Speyer, acting for St. Paul, informed defendant by letter that "upon completion of our investigation * * * liability is denied," as to the loss of August 3 and 4. Greenhill & Speyer enclosed with this letter a stipulation of substitution of attorneys for defendant to sign. Defendant has refused to sign this stipulation, or to consent to such a substitution, hence Greenhill & Speyer have brought the present motion.

■ It is well settled that an attorney may withdraw from an action "at any time for a good and sufficient cause and upon reasonable notice." Matter of Dunn, 205 N.Y. 398, 98 N.E. 914 (1912); McKelvey v. Oltmann, 32 Misc.2d 36, 222 N.Y.S.2d 900 (Sup.Ct. Queens Co. 1961), modified on appeal, 16 A.D.2d 957, 229 N.Y.S.2d 814 (2d Dept. 1962); Galante v. Dahlstrom, 21 Misc.2d 681, 197 N.Y.S.2d 361 (Sup.Ct. Kings Co. 1959).

Movants argue that there is good cause for their withdrawal because (1) St. Paul was not obligated to undertake the defense; (2) St. Paul is not liable under the policy for the reasons, among others, that defendant did not give it prompt notice of the claim and attempted to settle without St. Paul's knowledge;

(3) the interests of defendant and of St. Paul are conflicting and movants thus cannot properly act for both.

It is true that the policy did not obligate St. Paul to defend this action. St. Paul expressly undertook to do so, however, by the agreement of November 29, 1962. Presumably, St. Paul entered into that agreement because it preferred to attempt to end the matter once and for all by defeating plaintiff's claim. Whatever its reason, St. Paul did undertake the defense, and defendant has obviously relied on that undertaking ever since, throughout the removal and discovery proceedings. The case is now on the calendar for trial, discovery has been completed, and defendant is committed to the position in this litigation which movants, as defendant's attorneys, have taken for it.

■ Movants argue that the November 29, 1962 agreement was entered into "without prejudice." But this means merely that it was without prejudice to St. Paul's right to deny liability under the policy in the event that plaintiff should prevail in this action. The document is not ambiguous on that point, but even if it were, it would, of course, be construed strictly against the insurer who drafted it. Taylor v. United States Casualty Co., 269 N.Y. 360, 199 N.E. 620, 115 A.L.R. 822 (1936); Traders & General Insurance Co. v. Powell, 177 F.2d 660 (8th Cir. 1949).

■ As to the second contention, a motion by attorneys to withdraw is not the appropriate way to determine whether coverage under the policy exists. Brooks v. City of New York, 1 Misc.2d 740, 149 N.Y.S.2d 592 (Sup.Ct. Queens Co. 1956).

There is no need to decide now whether St. Paul would have a defense to any action which defendant might bring against it on the policy in the event that defendant is held liable to plaintiff. The relevant point for present purposes is that St. Paul was aware of the facts when it undertook to defend the action. It then knew that there had been a delay on the part of defendant in notifying it of the loss. It also knew that defendant had sent plaintiff a check in settlement and had stopped payment on it at the request of St. Paul's agent. If these facts made no difference to St. Paul on November 29, 1962, when it agreed to defend, it is hard to see how they provide good cause for movants' withdrawal now.

Movants further contend that St. Paul's present disclaimer of liability under the policy is based upon grounds that bring St. Paul's interests in conflict with those of defendant. Movants state that certain laboratory tests recently completed indicate that it was impossible for the frozen shrimp to have become decomposed while in defendant's possession during transit. If this proves to be the fact, it will provide a defense for defendant in this action. At this stage the interests of defendant and of St. Paul are parallel, not conflicting. It is to the interest of each to defeat the plaintiff. The conflict will arise only if plaintiff is successful.

If defendant is forced to sue St. Paul on the policy, obviously the same law firm could not represent both parties. Until that moment, however, anything that helps defendant defeat the plaintiff also helps St. Paul

■ Nothing appears to have occurred since November 29, 1962 which would justify St. Paul's belated change of position. Under all the circumstances, movants have not established good cause for their withdrawal at this comparatively late date.

Motion denied. So ordered.