Samuel C. Coleman, J.
It is regrettable that the insurance company did not see fit to compromise this claim, one of several arising out of a collision between two automobiles, and the only one not compromised. The plaintiff, injured in the collision, thereupon brought suit in this court (later transferred to the Civil Court), and the owner’s insurance carrier had its attorneys appear for the owner. The Civil Court thereafter permitted the attorneys to withdraw on the ground that the owner had failed to co-operate with his carrier in the defense of the action and it set the case for an assessment of damages. There it now rests.
The carrier then wrote the owner, its insured, that because of his failure to co-operate it was disclaiming liability under the policy of insurance.
In view of the position taken by the insurance carrier, the plaintiff brought this suit — for a declaratory judgment — against the carrier and the Motor Vehicle Accident Indemnification Corporation — to determine the carrier’s privilege to withdraw and to decline to defend; and also the consequent liability of the MYAIC.
The carrier is altogether justified in the position it took. The order of the Civil Court, entered in hostility to the right of the owner and in the absence of the MYAIC, is of course not determinative (cf. Ganas v. Terry, 16 A D 2d 826). But that order was entered upon default of the owner, to whom notice of the application was given — at the only address known to the carrier. And that default was the last in a long series of defaults upon the owner’s part in failing to respond to letters and telegrams, particularly as they related to the owner’s appearance for examination before trial. There were efforts — reasonably conscientious — to get in touch with the owner — to no avail. From January, 1960 to September, 1962 there were about a dozen such attempts — some in person.
It is argued that the owner’s presence at an examination before trial, or at any other time, really is not important — that as the owner was not in his automobile at the time of the collision he can tell a court nothing about it, and his failure to appear does not harm the insurance carrier. But that remains to be seen. Perhaps he can tell about the condition of the automobile’s mechanism. In any case, it is not for an absent *600 owner to decide for himself whether he can shed light upon the several aspects of a negligence case, particularly where the automobile was being driven by a friend of his and the injured person was a passenger in it. If the owner can be of no assistance, let him come forward and say so. Nor does the fact that the insurance carrier continued to defend for what might be considered a longer period than it was required to do prejudice its privilege to disclaim. It continued the defense of the action in the owner’s interest and in support of its own position. That fact should not be held against it now.
The disclaimer was valid and the injured person may proceed against MVAIC in accordance with the provisions of the Insurance Law and his own insurance contract (the New York Automobile Accident Indemnification Endorsement) (Insurance Law, § 167, subd. 2-a; § 601, subd. i; McQuinness v. MVAIC, 35 Misc 2d 827, affd. 18 A D 2d 1100; Tabin v. Safeco Ins. Co. of America, 30 Misc 2d 850).