Nathaniel T. Helman, J.
In this action, plaintiff seeks, on a quantum meruit basis, to recover attorneys’ fees for services rendered defendant. Defendant now moves for an order directing plaintiff to appear for further examination before trial, and to answer questions pertaining to plaintiff’s gross earnings from the practice of law for several years (including those in which the services at issue were rendered), the 10 largest fees earned by it during that period, and its office overhead then.
Extensive examination of plaintiff has been had. Previously, the court vacated in toto defendant’s notice of discovery and *854 inspection of plaintiff’s partnership tax returns, the individual tax returns of the partner who worked on the instant matter, and its books showing the 10 largest fees earned by plaintiff for the years in question. In so doing, the court stated that “ The documents which do not relate to the instant litigation are not proper items for discovery.” (N. Y. L. J., March 3,1966, p. 16, col. 4.) This determination was affirmed, without opinion. (25 A D 2d 954.)
The issue now presented is whether this prior determination, by itself, precludes the examination now sought, or, if not, whether examination into the said areas is otherwise barred.
Defendant urges that the prior decision was, at least in part, predicated .upon the reluctance of the courts to order discovery of tax returns generally, and, in any event, that the scope of disclosure available on an examination before trial is different from, and wider than, the scope applicable when discovery and inspection is sought. There does not appear to be authority for holding that different standards, with reference to the scope of the disclosure, apply under CPLR 3120 (discovery and inspection) than under CPLR 3107 et seq. (concerning oral depositions). Both are subject to the test of materiality and necessity prescribed by CPLR 3101. CPLR 3102 lists both as disclosure devices, and while it may be that certain limitations have been engrafted upon the right to seek discovery and inspection, to avoid undue. burdens being -cast upon a party (see Rios v. Donovan, 21 A D 2d 409), such limitations do not apply to the scope of the material subject to examination, but, merely, to the mechanics of identifying the objects sought so that a determination of their materiality and necessity may be had. Further, while different tests may apply under CPLR 3111 (concerning the production of books and records for use on an examination before trial) than under CPLR 3120, “ a person giving a deposition need not produce documents which -are unnecessary, immaterial ” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3111.04).
The issues in this action are whether or not plaintiff performed valuable services for defendant (not presented on this motion) and the value of such services. The prior decision, while not necessarily encompassing a finding that these areas of questioning were improper, indicates that that court’s decision would be consistent with a finding that earnings data need not be disclosed. The pertinent areas of inquiry in determining the proper fee of an attorney, on a quantum meruit basis, were some time ago delineated in the leading case of Matter of Potts (213 App. Div. 59, 62) where the court stated:
*855 ‘‘ In general the court, in determining the justice and reasonableness of an attorney’s claim for services, should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained. * * *
"I do not think items as to time actually employed in work on the case are of much importance. It is the ability of the attorney and his capacity and success in handling large and important matters and in commanding large fees therefor, the amount involved and the result obtained, which are of prime importance in determining what constitutes a just and reasonable charge.”
There is no indication, in the above, that the general income of a lawyer is relevant. At most, under that language, defendant would be entitled to examine into the largest fees the plaintiff recently earned. On this point, however, this court agrees with the more recent statement by the court at Special Term, in Bijur v. Purdy (N. Y. L. J., Oct. 7,1964, p. 15, col. 6, affd. without opn. 23 A D 2d 537) that “An attorney’s standing and experience should be the test of his worth, not his checkbook.” An attorney’s success in garnering large fees is not a true indication of his reputation or ability, generally, or in the specific area of practice concerned. This court need not close its eyes to the fact that some of the most able lawyers, of high repute, may be unable to demonstrate their collection of large fees, due solely to their type of practice. Many elements, not related to individual skills and talents, frequently enter into the earnings of the lawyer.
Office overhead, particularly in recent years has, however, seriously reflected on the net earnings of lawyers. Whether or not an attorney has office space in a high-rent building, or uses electric typewriters, or orders fresh flowers daily or serves cocktails or tea in the afternoon or expends other sums which go into the making up of office overhead depend many times on the nature of the individual, and more often on the nature of his clientele. These factors are not relevant, however, to the issue of whether or not his efforts, in a certain case, warrant the payment of a large fee therefor. (See, generally, Beckerman v. Gottfried, N. Y. L. J., June 12,1964, p. 13, col. 8, affd. 21 A D 2d 977.) The motion is accordingly denied.