Jack Stanislaw, J.
Counsel moves for leave to withdraw as attorney for the defendant Blersch. He was retained on August 15, 1965 by an insurance carrier to represent the interests of the defendant. Since that time and until the action against Blersch was actually called to trial extensive time, money and effort had been expended by the insurer to locate the defendant, without *774 success. Blersch is apparently still missing and for that reason this motion has been made. The practical motivation is stated to be the urgent necessity that Blersch be present at trial, for his absence would allow little or no defense to plaintiff’s claims.
We are not unfamiliar with the background of this action and the relationship between insurer and insured. In May, 1965 we determined, after trial, that the insurer had waived a right, which did for a time exist, to disclaim for Blersch’s failure to co-operate (General Acc. Fire & Life Assur. Corp. v. Blersch, 46 Misc 2d 480, mod. other grounds 25 A D 2d 764, affd. 18 N Y 2d 633). Therefore, as of July 7, 1966 the Court of Appeals had finally confirmed the insurer’s duty to defend. When the action was ready for trial counsel applied verbally to withdraw based upon his client’s disappearance. He was given time to move formally, presumably on the basis of a disclaimer for current cause. Plaintiffs argue that this application to withdraw is improper under the circumstances, should be or should have been preceded by a disclaimer, and in any event that it is not made in good faith.
• The insurer’s waived right to disclaim was the result of Blersch’s failure to co-operate in that he had given at least two conflicting versions of the accident underlying the instant lawsuit. On the trial of the disclaimer action he gave several other versions and was characterized then, perhaps even somewhat charitably, as an incredible witness absolutely unworthy of belief. Thus plaintiff’s doubt as to the good faith aspects of the present application. Nevertheless, counsel indicates the ultimate question of credibility for a jury, and Blersch’s appearance and presence vital notwithstanding the availability of a transcript of his testimony on the earlier trial.
From the reports submitted it cannot be denied that an exhaustive, diligent search was made for Blersch commencing September, 1965. The issue is finally whether that diligence will suffice to allow this attorney to withdraw or more specifically effectuate a further disclaimer by the insurer. Counsel proceeds upon a relatively simple theory, that the absence of his client prevents his continued representation of that client and is probably enough to permit the insurer to successfully disclaim.
The burden of proving an insured’s lack of co-operation is heavily upon the insurer and cannot be satisfied absent affirmative proof of willful obstruction of the defense of the action (Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159). Proof of willful and avowed obstruction on Blersch’s part seems the ultimate test of a disclaimer for absence of trial whether or not he had previously been co-operative (Amatucci v. Maryland Cas. Co., 25 A D 2d 583). Although this • burden of proof on an *775 insurer is not precisely relevant to a motion to withdraw we acknowledge its existence as bearing significantly upon the question before us.
Normally, a motion by an attorney to withdraw will not be available as a device to obtain or ratify a disclaimer in fact (Brooks v. City of New York, 1 Misc 2d 740; Ganas v. Terry, 16 A D 2d 826; cf. Murphy v. Solomon, 22 Misc 2d 857; Cabrera v. Atlantic Nat. Ins. Co., 44 Misc 2d 598). The insurer here, having failed to locate Blersch despite its apparent diligence, might have an adequate basis for a successful disclaimer. On the other hand, counsel may not utilize that effort to resolve a question of coverage, particularly given the necessity of demonstrating a willful obstruction notwithstanding the quality of the effort to locate the insured (Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159, supra). The point is that although the insurer conceivably possesses an ability to insist upon the presence of its insured at trial (Shalita v. American Motorists Ins. Co., 266 App. Div. 131) for several reasons, the insured’s attorney, provided by the insurer, does not absorb the same justifications for use upon his motion to withdraw. The attorney represents the insured and not the insurer, though this is, as noted in the Thrasher ease (supra), a fictional technicality. Yet the attorney’s position until there has been, a disclaimer is a professional one, calling factors into play which do not apply to the insurer. Counsel specifically cannot ignore the unreliability and probable complete worthlessness, as a witness, of his client, and simply allege the urgency of his presence and testimony to the defense of the action. The claim is qualitatively unlikely even if available to counsel in the first place.
The application to withdraw is denied as insufficient and improper.