Angelo Mauceri, J.
Counsel for third-party defendant Crest Plumbing & Heating Co., Inc., move at this time for an order allowing Transamerica Insurance Company to disclaim coverage on its liability policy with the third-party defendant; also, to allow counsel to withdraw the defense interposed for third-party defendant and to tender the pleadings to said third-party defendant; and further, to permit counsel to withdraw their appearance on behalf of the third-party defendant. There is opposition submitted by counsel for third-party plaintiff.
*914 The affidavit submitted by the moving party presents a unique situation with regard to the time-honored attorney-client relationship. Not only does counsel for third-party defendant submit his affidavit in support of the motion, but there is also a very detailed affidavit from a representative of Transamerica Insurance Company with regard to the alleged breach of contract between Crest Plumbing & Heating Co., Inc. and Transamerica Insurance Company, the latter not being a party to this action.
The relationship of the parties should decide the issue of withdrawal. It is clear that counsel entered into a defense of the third-party defendant at the behest and direction of Transamerica Insurance Company. Counsel have interposed an answer, made a motion to consolidate, and also have conducted examinations before trial, and at this point they allege non-co-operation of third-party defendant with regard to an appearance at an examination before trial of said third-party defendant.
The question raised here is, is counsel who is retained by an insurance carrier to represent and defend suits against its insured an attorney for the insured or for the insurer?
In the court’s opinion this situation presents an unusual ethical question which arises frequently in our modern society, since most of the population avails itself of insurance policies for protection in the event of liability lawsuits.
By the terms of the liability contract, the insured does not have any control of or any real confidential relationship with his assigned attorney. The insured does not have any right to determine or direct a settlement of a lawsuit which is being defended. Further, he must also comply with the conditions of his contract of insurance or be subject to a disclaimer of coverage, as is proposed in the instant matter before the court.
It is clear to this court that it is beyond all bounds of ethical conduct to require counsel to continue to represent a party to an action when, in all candor, his first loyalty is to his retainer, the insurance company. What is even more indicative of the position in which counsel is placed in such a situtation, is that he must make his motion to withdraw as counsel subject to a disclaimer of coverage; he cannot, as all other counsel can, upon proper application to the court, withdraw for lack of co-operation of his client.
All of the foregoing point to the unalterable fact that counsel herein serve but one master, the insurance carrier. To require counsel to represent a party in conflict with counsel’s primary client (insurance company) is untenable.
*915 The court, therefore, reluctantly grants that part of the motion with regard to the withdrawal of counsel’s notice of appearance and the tender of pleadings to third-party defendant (Murphy v. Solomon, 22 Misc 2d 857; Cenetempo v. Raia, 16 Misc 2d 1063), the purpose of which is to allow third-party defendant now to secure new counsel if they so desire.
However, with regard to counsel’s request for an order allowing his client, Transamerica Insurance Company, to disclaim coverage, there is no question that that portion of the motion is denied. The moving parties seek to secure a determination of a contractual obligation, which is completely collateral to the action before the court, without “ due process.” These parties can have their rights determined only at a plenary action before a proper forum. The permitted withdrawal of counsel should not he construed in any way to give any weight to the request to disclaim coverage.