■ J. ROBERT DEL TERZO, Appellant, v MANUFACTURERS HANOVER TRUST Co. et al., Respondents.—Order of the Supreme Court, New York County, entered August 7, 1978, denying in part and granting in part appellant's motion for a protective order, unanimously modified, on the law and the facts, without costs or disbursements, to grant appellant a protective order as to his income tax returns for the calendar years 1975, 1976 and 1977 and

financial books, records and ledgers and any other records relating to his income, and in the event his "charge book" is required to be produced by order of Special Term, Part II, to delete therefrom the names of any patients other than decedent, together with the treatment rendered to them, and otherwise affirmed. In this action by plaintiff, a physician, to recover for the reasonable value of medical services rendered to respondents' decedent, the income tax returns and financial records sought by respondents would not show the services appellant rendered to patients or the value of any particular service. Such tax returns and records are not reasonably related to the issues in this case and consequently their production would serve no useful purpose. (See *Booth, Lipton & Lipton v Cassell,* 51 Misc 2d 853, affd 27 AD2d 706.) Appellant's "charge book", illustrating charges for services rendered by appellant to patients, would have some relevance to the value of the services appellant claims he rendered to decedent. Although conceivably the contents of that book may not be fully determinative of the amount appellant may recover, that does not render such information immaterial or irrelevant. However, those portions of the "charge book" that would identify patients other than decedent, together with the treatment rendered to them, constitute privileged matter not subject to discovery (see *Judd v Park Ave. Hosp.,* 37 Misc 2d 614, affd 18 AD2d 766; CPLR 3101, subd [b]; 4504, subd [a]). Concur—Birns, J. P., Sandler, Sullivan and Silverman, JJ.