William TURNER *v.* Isaac Leonard BAILEY

80-211                                    607 S.W. 2d 674
Supreme Court of Arkansas
Opinion delivered November 24, 1980

*John Wesley Hall, Jr., P.A.*, for appellant.

No brief for appellee.

GEORGE ROSE SMITH, Justice. This appeal from a default judgment was certified to this court by the Court of Appeals. Rule 29 (4) (b).

When both parties were living in Florida the plaintiff Bailey, a race-horse trainer, agreed to train two horses owned by the defendant Turner, an attorney. In July, 1978, Bailey moved to Arkansas and brought the horses here. Two months later he brought this action on the contract, alleging that Turner owed $5,843.75 in training fees and necessary expenses. Constructive service was obtained by warning order.

Turner filed a motion to dismiss and then employed an Arkansas attorney, who filed an answer and counterclaim for Turner. That attorney, however, later asked the trial court for permission to withdraw, asserting that Turner had requested an immediate termination of the attorney's services. On December 3, 1979, the court entered an order permitting the attorney's withdrawal for just cause, striking all the defendant's pleadings, allowing the defendant to file additional pleadings within 30 days to avoid being in default, and directing that the order be served upon the defendant by registered mail. It does not appear that the order was in fact served upon the defendant Turner.

On February 21, 1980, the court entered an order reciting that the issues had been joined and that a pretrial hearing was set for April 21, 1980. Turner appeared pro se at that hearing, but the court entered a default judgment for the amount sued for, finding that Turner had filed no pleadings within 30 days after receipt of notice to do so. This appeal followed.

The appellee's attorney, pursuant to Rule 10, has filed a letter stating that due to the nature of the case the appellee

will not file a brief. We must therefore decide the case upon the record as abstracted by the appellant, it being the appellee's responsibility to bring to our attention any matters justifying the judgment of the trial court. *Murphy* v. *Wilson*, 228 Ark. 727, 310 S.W. 2d 1 (1958).

The judgment appears to be erroneous, because Turner was not actually in default. He had appeared in the case by filing a motion to dismiss, an answer, and a counterclaim. Of course, the court may permit an attorney to withdraw from the case, but that alone does not justify the striking of all pleadings filed by him on behalf of his client. *Sterling* v. *Jones*, 255 La. 842, 233 So. 2d 537 (1970); *Bailey* v. *Coventry*, 130 Misc. Rep. 269, 224 N.Y.S. 17 (1927). It does not appear that the order striking Turner's pleadings and requiring him to plead anew within 30 days served upon him, as the order itself required. In the absence of any showing that Turner had notice of that order, the judgment finding Turner to be in default must be set aside.

Reversed and remanded for further proceedings.