OPINION OF THE COURT
David B. Saxe, J.
Although a private attorney is not yet required to perform legal services for free, once representation of a client in a litigation has begun, his right to withdraw is not absolute. (CPLR 321, subd [b], par 2.) The conditional nature of an attorney’s right to withdraw is due in part to the traditional responsibility of the court to regulate the legal profession (see First Nat. Bank of Eastlslip v Brower, 42 NY2d 471; Judiciary Law, §§ 53, 90,474) and its right to scrutinize fee arrangements between attorney and client.
The defendant’s attorneys have made a motion to withdraw as counsel. (CPLR 321, subd [b], par 2.) Two reasons are given. It is alleged that the defendant’s president, Mr. D. Jack Davis, was un-co-operative by not complying with requests for documents, which were never identified in the movant’s affirmation, and by constantly failing to return telephone calls. Mr. Davis disputes these allegations of unco-operativeness. I find that the defendant’s attorneys have not established facts to support withdrawal on account of the non-co-operation of their client. A client is obligated to *264 co-operate with his counsel (Irwin v Baruch, 60 NYS2d 223), but here, there is no indication that he did not.
The second reason advanced by the defendant’s counsel, nonpayment of bills, is apparently the motivating factor in their desire to withdraw. To date, the defendant has paid $1,050; an initial payment of $750 and a second payment of $300. The attorneys claim that they are owed as an additional sum for their services, $1,987.50, and have sent repeated bills to the defendant for that amount, which have not been paid. The bills do not describe the type of work performed, by whom it was performed or the amount of time that went into performing it.
An understanding of the nature of the attorney-client relationship here is necessary for a resolution of the issue of withdrawal.
The defendant has stated that it understood that its $750 payment would be a one-time payment in full for the defense of this action. The attorneys, on the other hand, understood the fee arrangement to require a $750 initial payment to be paid by the client and to be charged against the value of their normal billing hours. In other words, their contention is that the $750 initial payment was a retainer or “a payment in advance to cover future services and disbursements until further provision is made.” (7 NY Jur 2d, Attorneys At Law, § 126, pp 14-15.) I find that the defendant’s position is implausible under the facts presented to this court and that the parties did not reach an agreement regarding the total amount of the legal fee to be charged.
On this motion to withdraw, I am not asked to rule on whether counsel is entitled to the additional sums that they have requested in their bills. I am, however, implicitly asked to decide whether counsel is entitled on the basis of the work performed to retain the amount paid ($1,050) to them. For, if I find that they have not performed legal services of a value that would permit them to keep the sums given to them, I do not have to allow them to withdraw until they have performed additional legal services or have instead refunded some of the moneys retained. See, e.g., DR 2-110 (A) (3) of the Code of Professional Responsibility, which states: “A lawyer who with *265 draws from employment shall refund promptly any part of a fee paid in advance that has not been earned.”
It is unclear from the moving papers what work has been performed by counsel for the moneys received ($1,050). From their papers, it appears that they have prepared an answer and counterclaim and have made a routine motion for a protective order. It is equally unclear whether this work represents the services for which payment has already been made ($1,050) or whether the additional sums sought to be billed by the attorneys are derived as well, from this work.
There was no agreement regarding the hourly billing rate to be charged by the attorney. Although the letters requesting payment notified the defendant that the retainer fee would be credited against “our normal billing hours”, that rate was apparently never disclosed to the client.
An attorney who has rendered services to a client without express agreement as to compensation, but under circumstances which are sufficient to support an implied promise to pay for such services, may recover on quantum meruit for the reasonable value of the services performed. (Heller v Kalisch, 141 App Div 205; 7 NY Jur 2d, Attorneys At Law, § 160.) In determining the reasonableness of the attorneys’ claim it is proper for the court to consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, by whom they were performed, the professional standing of counsel and the results obtained. (Booth, Lipton & Lipton v Cassel, 51 Misc 2d 853, affd 27 AD2d 706; Matter of Potts, 213 App Div 59.)
I cannot make a determination from the papers submitted whether the services performed justify a finding that the retainer has been exhausted. Where the predominant reason for withdrawal is, as here, the nonpayment of bills, I hold that an attorney is required to submit a detailed account to the court of the services rendered to the client.
Therefore, the movant’s law firm shall continue to diligently represent the interests of their client but may, by another application, renew their request to withdraw upon papers containing sufficient facts as indicated in this opin *266 ion. Upon adequate proof the attorney may be relieved. But, the right to be relieved at that point may still not be absolute, for even where the retainer has been fully exhausted, where there is no deliberate violation of a fee agreement by a client, a court may still refuse to allow the attorney to withdraw. (Code of Professional Responsibility, DR 2-110 [C] [1] [f].)
The plaintiff requested that if the defendant’s application was granted, it be made conditional upon the defendant’s hiring of substitute counsel. Although I am not now granting defendant’s motion to withdraw, I shall address myself to the plaintiff’s contention.
Generally, a party has no right to object to the withdrawal of their opponent’s counsel because their rights would not be affected by the withdrawal. (Cenetempo v Raia, 16 Misc 2d 1063; Murphy v Solomon, 22 Misc 2d 857.)
The plaintiff contends that it would be prejudicial in two ways if the defendant’s withdrawal motion was granted unconditionally. First, the plaintiff advances the theory that this court might somehow lose jurisdiction over the defendant, a corporation that is required to appear by attorney. (CPLR 321, subd [a].) However, the defendant has already appeared and interposed an answer. An order discharging defendant’s counsel will not affect the validity of the defendant’s prior appearance by counsel. Second, the plaintiff argues that an unconditional order will encourage the defendant to engage in delaying tactics in the hiring of substitute counsel and thereby impede the prosecution of this action. This argument has no merit. If the defendant delays in hiring counsel, the plaintiff may still proceed to trial.
Motion denied.