MAXINE T. CARTER, Plaintiff, *v.* LLOYD S. CARTER, Defendant.

City Court of the City of New York, Special Term, New York County, October 23, 1946.

*Louis Mishell* for plaintiff.

*Leo B. Lebovitz* for defendant.

McCULLEN, J. The motion for examination before trial of defendant is granted and the defendant is directed to attend for examination as to the four items set forth in the notice of motion at Special Term, Part II, on November 18, 1946, at 2:00 P.M.

The following disposition is made of the branch of the motion directed to plaintiff's demand for a bill of particulars. While ordinarily a bill of particulars is not granted as to the defense of payment, there may be special circumstances that will make it proper to give a bill of particulars of this defense. Relief may follow from the manner of pleading and, generally, relief is given where payment may have been made to a third party. In this action for moneys loaned, the defendant admits

in his answer that a loan in the sum in suit " *was procured for him* at or about the time mentioned in said allegation, *through the plaintiff* " (emphasis supplied), and in his second affirmative defense the defendant alleges " That prior to the commencement of this action the defendant paid the amount set forth in the complaint, together with all accrued interest thereon." It will be noted that the defendant does not state to whom he paid the said amount. Since defendant apparently claims that he borrowed the money from some one other than the plaintiff, it is possible that he will claim that when he repaid the same, he did not make such payment to the plaintiff. On the other hand, it may be the defendant's claim that he did make such payment to the plaintiff. Under these special circumstances the defendant will be required to state whether he claims that he made the payment directly to the plaintiff and if he states that he made it to the plaintiff, he need furnish no other particulars. However, if he claims to have made the payment to some one other than the plaintiff, then the defendant will be required to state to whom he made such payment and, under item 1, whether by cash or check; under item 2, if by check, the defendant will state only the date and amount of the check, the bank on which it was drawn, and the names of all parties thereto, including indorsers, but no copy thereof need be set forth; item 3 is proper and will be complied with; item 4 is purely evidentiary and need not be complied with. The motion to preclude is granted, preclusion to be effective without further application to the court unless a verified bill of particulars in accordance with the demand, as above modified, is served by defendant on or before November 16, 1946.

The usual time limits on both branches of the motion have been enlarged because of the matters and things set forth in the opposing affidavit.

The application on behalf of the attorney for the defendant to withdraw from this action and from further representation of the defendant herein, contained in the answering affidavit on this motion, is denied without prejudice to the making of a formal motion for that relief on notice to the defendant and to the attorney for the plaintiff. What is a sufficient cause to justify an attorney in abandoning a case in which he has been retained, has not been laid down in any general rule, and cannot be (*Tenney* v. *Berger*, 93 N. Y. 524). However, as stated in Wait on New York Practice (Vol. 1 [4th ed.], § 7, p. 614): " An attorney who undertakes the conduct of an action impliedly stipulates to carry it to its determination, and he is not at liberty to abandon it without reasonable cause and

reasonable notice. [Citing cases.] And if he wrongfully refuse to proceed, and break his contract in this respect, he will be liable to an action for it. [Citation.] " The client may discharge the attorney at will*, but the attorney may terminate the relationship only for good and sufficient cause and upon reasonable notice to the client (*Tenney* v. *Berger, supra; Matter of Dunn*, 205 N. Y. 398). The relation of attorney and client is a sacred one and it binds the lawyer to continue to represent him until he is properly relieved (*Eisenberg* v. *Brand*, 144 Misc. 878). I do not express any opinion at this time as to whether or not the matters set forth in the opposing affidavit would justify defendant's attorney in withdrawing from the case, especially in view of the fact that the recital thereof is so sketchy and incomplete. While the court may take judicial notice of the contents of papers on file in its own court, it cannot do so with respect to papers on file in another court. It is expected that the defendant's attorney will continue his efforts, with all reasonable diligence, to establish contact with his client. Order filed.

---

* See, also, *Stuart* v. *Trihas*, 188 Misc. 116.— [REP.