Bernard Byan, P. J.
On June 4,1959 the above-named attorneys acting on his behalf filed a claim verified by the above-named claimant in which he alleged that while he was serving a sentence in Clinton State Prison he sustained personal injuries when a pot-belly stove exploded. He charged the State of New York, its agents, servants and employees with negligence causing the accident and the resulting personal injuries and demanded a recovery of $100,000. Subsequently, pursuant to an order of this court granted upon formal application, an examination before trial of certain State employees was conducted. Thereafter the claim appeared upon the calendar for *991 the term of court in the Albany District and was marked ready for trial. The attorneys of record now apply to this court for an order relieving them of their agreement of retainer as attorneys for the claimant in this proceeding, permitting them to withdraw and directing the Clerk of the court to make appropriate entries thereof in the record and for such other and further relief as may be just and proper in the premises.
The supporting affidavit, made by one of the above-named attorneys, avers that the claimant had been referred to the appellant’s law firm by Israel Stashin, Esq., 401 Broadway, New York, New York. There is also an affidavit by an employee of the law firm in which he swears that the motion papers herein were delivered to him for service upon the claimant Benjamin Joseph Mambrino at his address, 52 Allen Street, New York, New York; that he went to that address but did not find the claimant; that he was advised by the superintendent of the house in which the said Mambrino was supposed to have resided that Mambrino was at that time incarcerated at Bikers Island, a City of New York penitentiary. The affidavit continues and states that thereafter deponent appeared at the Department of Correction (whether city or State is not specified) and after checking with both the Workhouse and penitentiary deponent “ inquired of the presence ” of said Mambrino at Bikers Island and was advised by the authorities thereat that Benjamin Joseph Mambrino was not incarcerated in either place. Deponent further avers that he has been unable to locate the whereabouts of Benjamin Joseph Mambrino and therefore could not effect service of said motion papers upon him. A further affidavit by another employee of the claimant’s attorneys affirms the service by mail of the motion papers upon the afore-mentioned Israel Stashin.
This motion was made returnable at a term of this court held in and for the New York City District at 270 Broadway, Manhattan at a time when a term of court was in progress in the Albany District. This erroneous venue alone presents sufficient cause for denial of the motion. (Rules of Court of Claims, rule 8; Castillo v. State of New York, 19 Misc 2d 5 [1959].) However, because we believe the issue should be decided upon the merits and because the applicants have their residence and professional offices in Manhattan we shall overlook the technicality.
His contract being entire and the service he is to render being essentially single, the authority of an attorney employed to prosecute an action continues until the suit is finally determined unless special circumstances exist. The client may terminate *992 the relation at his pleasure. The attorney may do so upon good and sufficient cause and upon reasonable notice. (Bathgate v. Haskin, 59 N. Y. 533 [1875]; Tenney v. Berger, 93 N. Y. 524 [1883]; Matter of Dunn, 205 N. Y. 398 [1912]; Eisenberg v. Brand, 144 Misc. 878 [1932]; Carter v. Carter, 188 Misc. 156 [1946]; 7 C. J. S., Attorney and Client, § 110.)
His affidavit does not disclose any actual reason for the desire of the attorney to withdraw from the case. There may be an inference that the wish is based upon something which was developed in the course of his investigation of the facts. But such possible justifications as conduct on the part of the client which tends to degrade or humiliate the attorney, or to lower the standard of professional ethics, or to destroy the reciprocal confidence required between attorney and client or an allegation that the attorney has become aware that the client’s claim is fictitious or fraudulent, are not presented. (Canons of Professional Ethics, canon 44; Matter of Wendel, 159 Misc. 443 [1936].) Nor has any conflict of interest been shown. (Galante v. Dahlstrom, 21 Misc 2d 681 [1959].)
Upon these considerations we reach the conclusion that the application must be denied. Moreover, we are not satisfied that the possibilities of locating the claimant have been exhausted or that the limited inquiry as to his whereabouts reported herein excuses the lack of personal service of the notice of motion upon him. Certainly the service upon the ‘ ‘ forwarding attorney ’ ’ is insufficient. The motion is denied.