Bernard Ryan, P. J.
This is an application similar in most respects to that reviewed in Mambrino v. State of New York *993 (30 Misc 2d 990). The same attorneys of record filed a claim on behalf of the above-named claimaiit on July 10, 1959. This claimant alleges that while he was a prisoner at Clinton State Prison he complained to the medical authorities thereat that he was suffering pain in his mouth and throat and was, in fact and unbeknown to him, suffering from cancer of the vocal cords. He charges the employees of the State of New York with negligence in failing to properly diagnose or treat him for said illness and in failing to provide him with medical and nursing attention. He asserts that he has had permanent injuries and has sustained conscious pain and suffering, loss of voice, loss of prospective earnings and other special damages in the total amount of $250,000.
In this case the moving affidavit recites that the claimant has been referred to deponent’s law firm by Benjamin Herdes, Esq., of 144 Columbus Avenue, New York 23, New York; that subsequent to an examination before trial, procured upon notice and order of this court, and as a result of deponent’s investigation, deponent informed said Herdes, the aforesaid forwarding attorney, by mail of deponent’s desire to be relieved as attorney and returned the entire contents of the file to said Herdes. The affidavit also states that the last-known address of the claimant was 747 Southern Boulevard, The Bronx, New York. A supplemental affidavit states that sometime in the early part of 1959 the claimant advised deponent that he was returning to Spain to live. Copies of the motion papers have been served by mail upon Herdes and upon the claimant at the Southern Boulevard address above recited. There is also before us an affidavit from Benjamin Herdes reporting his communications with Generosa Hernandez “ the wife of the claimant ”,
From the pleading we learn that claimant upon a plea of guilty to a charge of manslaughter was sentenced to serve 6 to 10 years in a State prison and that he entered the prison on April 9, 1954. He was released January 26, 1959, according to the pleading. With these dates in mind it is possible that Hernandez is still on parole. There is no report in the moving affidavits or by other means that inquiry has been made of the State Department of Correction, the Parole Board, or the police of the City of New York, as to the whereabouts of this man. Here again, as in the Mambrino case (supra), we find that a good and sufficient excuse for relieving the attorney has not been presented. Nor has a satisfactory explanation of the inability to effect personal service been offered.
*994 The motion, like that in Mambrino, was made in the New York District while a term of court was in session in the Albany District where the claim arose. Again, we overlook the technicality. The motion, however, is denied.