Irving Younger, J.
Common-law attorneys have represented clients at least since the days of Edward I. Yet this motion raises a question about the attorney-client relation that appears never to have been answered.
In 1965 or thereabouts, the law firm of William J. Henry (for convenience, called “ the attorney”) became counsel for the plaintiff, Battani, Ltd. (for convenience, called “the client”). The attorney-client relation continued until about a year ago, when the retainer was terminated. There were, however, some exceptions to the termination: one of them concerned the present cases, which were then pending. In them, the attorney continued to represent the client. He did not ask the client to arrange for a substitution because, as he says in the affidavit before me, he ‘ ‘ had hoped that the actions could be settled and thereby could avoid the plaintiff incurring any fees.” It seems that the cases cannot be settled. The attorney’s policy is to eschew cases such as these “ unless the plaintiff is a regular retainer client who retains us at a fixed monthly fee, payable monthly.” Since the plaintiff is no longer a regular client, the attorney has now asked the client to arrange for a substitution. The client refuses. Accordingly, the attorney moves for permission to withdraw as counsel for plaintiff in each of these cases.
The Court of Appeals has said of the attorney’s right to terminate the attorney-client relation (Matter of Dunn, 205 N. Y. 398, 403): “ In the case of the attorney the general rule is that he may terminate his relationship at any time for a good and sufficient cause and upon reasonable notice.” The difficulty, of course, is that the problem illuminated by the Court of Appeals is not quite the problem presented here. Here, the attorney wishes to be relieved; he does not ask compensation for the services already rendered; he has given the client reasonable notice; but he does not demonstrate “good and sufficient cause ” to be relieved, since a desire to avoid lawsuits like these is hardly good and sufficient cause to withdraw from an obligation already undertaken. The client, on the other hand, wishes the attorney to remain in the cases; he will pay the attorney’s fees; and he is confident the attorney will perform well even if compelled against his will to continue the representation. The question, then, is whether an attorney should be relieved solely because he wants to be relieved— *532 despite both, the client’s reluctance to lose him and the absence of any other facts warranting termination of the attorney-client relation — so long as nobody will suffer as a result. As stated at the beginning, there appears to be no authority on precisely this question.*
We answer it by granting the attorney’s motions and permitting him in each case to withdraw as counsel for the plaintiff.
The attorney-client relation rests upon a unique contract. The client may breach it at will. The attorney may terminate the relation upon good cause. (Matter of Dunn, supra.) He thereby commits no breach of the contract, for by definition he had good cause to terminate. In the cases at bar, the attorney asks permission to terminate the relation without cause; that is to say, he seeks leave to breach the attorney-client contract. (It may seem anomalous that a prospective breacher should ask the court’s permission to breach. There is no anomaly. This is merely another aspect of the uniqueness of the attorney-client contract.) Were permission to be denied, the attorney would be obliged to continue a relation he no longer wishes to preserve. This runs afoul of the old rule that a court will not order specific performance of a contract for personal services. (Restatement, Contracts, § 379; Lumley v. Wagner [1852] 1 De G. M. & G. 604; 42 Eng. Rep. 687.) Further, to compel the attorney to continue to represent his client would raise the troublesome question whether one commits a delict by breaching a contract (Holmes, The Common Law [1st ed., 1881], p. 13; Holmes-Pollock Correspondence [2d ed., 1961], pp. 233-235), and, if not, whether a court’s refusal to permit a promisor, such as the attorney here, to breach his contract, is proper under the Thirteenth Amendment. (See Arthur v. Oakes, 63 F. 310, 317-318 [C.C.A. 7th, 1894]; Pound, “ The Progress of Equity,” 33 Harv. L. Rev. 420, 439 [1920].) That issue is best left quiescent. For these reasons, we think that the motions should be granted.
In reaching this conclusion, it should be understood, we express no opinion on the ethics or professional deportment of the attorney, nor do we intend by granting his motions to preclude the client from pursuing any claims he may have against the attorney, whether by way of suit for breach of contract or otherwise.

 Cases like Isser v. Berg (38 Misc 2d 957) and Mambrino v. State of New York (30 Misc 2d 990) involve situations in which the client will be prejudiced or the operation of the court impeded if the attorney is permitted to withdraw. No such circumstances are present here.