Herbert GOLDSMITH et al., Plaintiffs,

v.

PYRAMID COMMUNICATIONS, INC., et al., Defendants.

No. 72 Civ. 1126.

United States District Court,
S. D. New York.

Aug. 6, 1973.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

In this complex consolidated action for damages arising out of alleged violations of the Securities Act of 1933, the Securities Exchange Act of 1934 and the rules promulgated thereunder, some forty-four defendants, united in interest and pleading together, appeared by a single law firm. Counsel served and filed an answer for these clients, consisting of a general denial and certain affirmative defenses only, and proceeded to conduct discovery proceedings and to prepare for trial.

Counsel effected an agreement among their defendant clients, later reduced to writing, to the effect that all potential cross-claims between defendants, and all claims to indemnification or contribution should be withheld, and that the statute of limitations be tolled with respect thereto.

So long as all defendants were united in interest and defending together in accordance with a common strategy, after having laid aside or "tolled" their differences among themselves, selection of a single attorney was a perfectly satisfactory arrangement. It resulted in economy of effort and avoided proliferation of the litigation consequent on multiple representation.

As might be anticipated, this united front among defendants was disturbed, when, in early June of this year, counsel worked out a proposed settlement and solicited client approval. Counsel advised all of its clients to "enter into the settlement." Terms of the complex and innovative proposal to end the litigation included waiver and release by defendants of "all of their cross-claims, including indemnification for legal fees and expenses."

Defendants Van Alstyne, Noel & Co. (a partnership, hereinafter "Van Alstyne") and a general partner of Van Alstyne, one Sellas, sued individually, sought separate legal advice as to whether the settlement would be in their best interests. Van Alstyne and Sellas concluded, based at least in part on such separate legal advice, that they had a substantial cross-claim against another co-defendant which should not be waived. Counsel of record for Van Alstyne did not agree, and so advised Van Alstyne.

The Court is informed without contradiction that no settlement may be effected by the other defendants without participation by Van Alstyne.

Against this factual background, counsel of record for Van Alstyne and Sellas moved for "leave to withdraw as attorneys of record for Defendants Van Alstyne and Sellas [only]." Such motion is made pursuant to Rule 4(c) of the General Rules of this Court.[1]

---

1. That Rule reads as follows:
   "Rule 4—*Attorneys of Record and Parties Appearing Pro Se*

   (c) An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and

As a basis for the application, counsel assert:

"In view of the fact that Van Alstyne and Sellas have received contrary advice from competent counsel . . . and in view of the further fact that a conflict of interest exists with our representation of Van Alstyne and Sellas on one hand, and the other [defendants] on the other hand, with a potentially greater confict of interest in prospect"

they are entitled to be relieved.

Although intensive discovery has been conducted in this action, which has been pending since March 17, 1972, pretrial proceedings are not complete and the case is not presently scheduled for trial on a day certain.

Van Alstyne and Sellas oppose the relief requested, claiming prejudice in that they would be required to engage new counsel, lacking intimate knowledge of the evidence. They assert "there is at this point nothing more than a client's disagreement with his attorneys' advice."

For purposes of this application, we accept this latter characterization as valid, although it is also true that serious potential conflicts of interest loom on the horizon.

█ The primary purpose of Rule 4(c) is to prevent the withdrawal of an attorney under circumstances which impede the administration of justice or delay the prompt disposition by the Court of cases scheduled for trial. An attorney who is retained generally to conduct a legal proceeding enters into an entire contract and should not abandon performance without reasonable cause. This is confirmed by Canon 44 of the Canons of Professional Ethics, as adopted by the New York State Bar Association.[2]

What amounts to specific performance by an attorney has been required, but such cases are extremely rare. They fall into two general classifications, that is, situations where the client's rights will be prejudiced by the delay consequent on replacing counsel and cases where the trial calendar of the Court will be dislocated, so as to impede the interests of justice [e. g., Mambrino v. State of New York, 30 Misc.2d 990, 221 N.Y.S.2d 643 (Ct.Cl.1961); Isser v. Berg, 38 Misc.2d 957, 239 N.Y.S.2d 370 (Sup.Ct.Nassau Co. 1963); El Morro Food Distributors, Inc. v. W. M. Tynan & Co., Inc., 223 F. Supp. 717 (S.D.N.Y.1963)].

Counsel tells us on oral argument of this motion that their firm has expressed the opinion that the cross-claim

---

may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar."

2. See McKinney, Judiciary Law, Appendix pp. 403 et seq. Canon 44 reads as follows:
"44. *Withdrawal from Employment as Attorney or Counsel*
The right of an attorney or counsel to withdraw from employment, once assumed, arises only from good cause. Even the desire or consent of the client is not always sufficient. The lawyer should not throw up the unfinished task to the detriment of his client, except for reasons of honor or self-

respect. If the client insists upon an unjust or immoral course in the conduct of his case, or if he persists over the attorney's remonstrance in presenting frivolous defenses, or if he deliberately disregards an agreement or obligation as to fees or expenses, the lawyer may be warranted in withdrawing on due notice to the client, allowing him time to employ another lawyer. So also when a lawyer discovers that his client has no case and the client is determined to continue it; or even if the lawyer finds himself incapable of conducting the case effectively. Sundry other instances may arise in which withdrawal is to be justified. Upon withdrawing from a case after a retainer has been paid, the attorney should refund such part of the retainer as has not been clearly earned."

which its clients decline to waive lacks merit. This is, of course, a subjective conclusion as to which reasonable lawyers may and will differ, and which may require a plenary trial followed by a full course of appellate review, to resolve.

Both Canon 44 and Rule 11, F.R.Civ. P., recognize that no lawyer will litigate a claim which he believes lacks merit.[3] Experienced lawyers everywhere have learned that their reputation for integrity and seasoned judgment is their stock in trade.[4] No lawyer gains standing by taking losing cases, and losing them.

When a lawyer has given his considered opinion and judgment, only to have it rejected by his client, a severe strain is placed on the intimate professional relationship of attorney and client. That this seldom occurs is a tribute to the high standing and selfless devotion with which lawyers have served their clients since the abolition of trial by ordeal. Who would buy a watchdog to protect his person and property, and then seek to do his own barking?

A real and deep difference between attorney and client exists here. It is induced not by client obduracy or ignorance, but rather arises because the client has also obtained independent and contrary legal advice from other counsel of its own choice, as is of course its right.

While rejecting counsel's advice and judgment, Van Alstyne, by a letter to the Court dated August 1, 1973, after this application was argued, advised as follows:

"Van Alstyne's position has been consistent and unvarying. We do not believe that [counsel] should withdraw at this stage. * * * We do not wish that there be any doubt about our position regarding [counsel's] application now before the Court."

Under the circumstances of this case, justifiable cause for withdrawal appears, in that counsel's judgment and advice has been disdained as incorrect or improvident and, at least by inference, counsel, if they continue, will be required to maintain a cross-claim they believe to be wanting in merit.

We could not leave the subject without referring to the learned opinion of the Honorable Irving Younger in Battani, Ltd. v. Bar-Car, Ltd., 59 Misc.2d 530, 299 N.Y.S.2d 629 (Civ.Ct.N.Y.Co.1969). Judge Younger, allowing withdrawal without justifiable cause, wrote in part as follows:

"The attorney client relation rests upon a unique contract. The client may breach it at will. The attorney may terminate the relation upon good cause. Matter of Dunn [205 N.Y. 398, 98 N.E. 914 (1912)]. He thereby commits no breach of contract, for by definition he had good cause to terminate. In the cases at bar, the attorney asks permission to terminate the relation without cause: that is to say, he seeks leave to breach the attorney-client contract. (It may seem anomalous that a prospective breacher should ask the court's permission to breach. There is no anomaly. This is

---

3. Rule 11 in relevant part reads as follows:
"Rule 11. *Signing of Pleadings*
Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name. . . . The *signature of an attorney* constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as

sham and false and the action may proceed as though the pleading had not been served. For a willful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted."

4. Notwithstanding the aphorism attributed to President Lincoln and framed in the offices of most mediocre attorneys, a lawyer's time is *not* his stock in trade—it is good results and the endorsement of satisfied clients that make for professional success.

merely another aspect of the uniqueness of the attorney-client contract.) Were permission to be denied the attorney would be obliged to continue a relation he no longer wishes to preserve. This runs afoul of the old rule that a court will not order specific performance of a contract for personal services. Restatement, Contracts, Sec. 379; Lumley v. Wagner, De G. M. & G. 604; 42 Eng.Rep. 687 (Ch.1852). Further, to compel the attorney to continue to represent his client would raise the troublesome question whether one commits a delict by breaching a contract, Holmes, The Common Law, p. 13 (1st Ed. 1881); Holmes-Pollock Correspondence, pp. 233–35 (2d Ed. 1961), and, if not, whether a court's refusal to permit a promisor such as the attorney here to breach his contract is proper under the Thirteenth Amendment. See Arthur v. Oakes, 63 F. 310, 317–318 (7th Cir. 1894); Pound, 'The Progress of Equity,' 33 Harv.L.Rev. 420, 439 (1920). That issue is best left quiescent. For these reasons, we think that the motions should be granted."

Van Alstyne suggests that substitution of counsel might increase the costs to Pyramid of this litigation. Such increase, if any, should be slight, and does not warrant denial of the relief requested.

■ The application is granted. Defendants Van Alstyne and Sellas shall have forty-five (45) days within which to arrange for a substitution of counsel. Movants shall deliver copies of all papers and materials in their possession relating to the action or the proposed cross-claim, to the successor attorneys, on demand, against receipt.

During such forty-five day period, all further proceedings in the action, including discovery, shall be stayed so as to permit selection of new counsel and to allow new counsel to become familiar with the issues. Van Alstyne and Sellas may, if so advised, waive such stay selectively in order that discovery continue where such continuance has no practical adverse effect.

So ordered.