OPINION OF THE COURT
Morris Slifkin, J.
Does counsel’s doubts about the merits of his client’s case entitle him to withdraw from representing that client in the action? In this court’s opinion, the answer must be in the affirmative.
This is an action for damages as a result of personal injuries sustained by plaintiff when her bathrobe, manufactured and sold by defendants herein, caught on fire. This action was commenced in 1977 on behalf of plaintiff by Stanley Weiner, Esq. In September of 1981, Weiner, relying upon their expertise in product liability matters, retained the firm of Glaser, Shandell and Blitz as trial counsel. After investigating the facts and utilizing expert assistance, the office of trial counsel came to the opinion that a prima facie case could not be established against the answering defendants.*
*605 According to Weiner, he was first told about trial counsel’s doubts when the case was conferenced in December of 1983. However, no suggestion was made that the Glaser firm would not proceed to trial. The reply affirmation from the Glaser firm categorically states that Weiner knew of their opinion “for approximately two years prior to October 1984. However, in spite of our repeated advice, he had repeatedly refused to permit our firm to discuss the possibility of discontinuance with Ms. Rindner.” In any event, late in October of 1984, Weiner was told by both Mr. Shandell and Mr. Glaser that they did not want to try the case.
This action has had a relatively active Trial Calendar history. It appears that Weiner retained movants on the eve of the first scheduled trial date. The action was stricken from the calendar in November of 1981. After the Glaser firm was formally substituted, they successfully moved to have the action restored to the calendar. When the case was called for trial on November 5, 1984, the attorney from the Glaser firm tried to have the matter put over, but his application was denied. When the Judge presiding at Trial I was made aware of trial counsel’s dilemma, he struck the action from the calendar with leave to move to restore within a year, in order to allow the motion to withdraw to be made on papers.
The general rule with regard to the lawyer’s obligations under the contract with his client is often stated. When an attorney is retained to conduct a legal proceeding, he enters into an entire contract to conduct the proceeding to a conclusion and he may not abandon his relation without reasonable or justifiable cause (Schwartz v Jones, 58 Misc 2d 998; Suffolk Roadways v Minuse, 56 Misc 2d 6; Isser v Berg, 38 Misc 2d 957; Mambrino v State of New York, 30 Misc 2d 990; but see, Battani, Ltd. v Bar-Car, Ltd., 59 Misc 2d 530, allowing withdrawal for no legally cognizable cause in the absence of prejudice). Apart from obvious cases, such as discovery of a client’s fraudulent conduct, what constitutes reasonable or justifiable cause is not so readily stated.
Denying an attorney’s application amounts to enforcing specific performance of the attorney-client relationship. Of course, this does not often occur. Nevertheless, where the client’s rights will be prejudiced by the concomitant delay or where the Trial Calendar of the court will be adversely affected thereby impeding the interests of justice, the attorney’s request to withdraw will be denied (see, Mambrino v State of New York, supra; Isser v Berg, supra; El Morro Food Distribs. v Tynan & Co., 223 F Supp 717). Although Weiner claims that plaintiff will be prejudiced *606 by the withdrawal of the Glaser firm, he presents no facts which justify a finding of prejudice. Rather, Weiner claims that plaintiff has a right to the expertise of the Glaser firm even where the opinion emanating from that expertise is that plaintiff doesn’t have a case. (See, Judge Younger’s allusion to the US Const 13th Amend in Battani, Ltd. v Bar-Car, Ltd., supra, at p 532.)
Although there is very little law in this area, what law there is, as well as common sense, is opposed to the position adopted on plaintiff’s behalf. The only reported case applying New York law in ruling upon an attorney’s application to withdraw because his client insisted on proceeding with a claim which the attorney believed to lack merit is Goldsmith v Pyramid Communications (362 F Supp 694). In that case, the Southern District of New York, in an opinion written by Judge Brieant, permitted an attorney to withdraw from representing defendants who refused to accept settlement based upon independent counsel’s advice that they had a valid cross claim, but which the moving attorney of record did not believe was a good cross claim. The basis of the court’s determination was the language of Canons of Professional Ethics, Canon 44 and Federal Rules of Civil Procedure, rule 11 (in 28 USC, Appendix), to the effect that no attorney should litigate a claim he believes lacks merit. The court concluded by holding: “Under the circumstances of this case, justifiable cause for withdrawal appears, in that counsel’s judgment and advice has been [disclaimed] as incorrect or improvident and, at least by inference, counsel, if they continue, will be required to maintain a cross-claim they believe wanting in merit” (362 F Supp, at p 697).
Under the Code of Professional Responsibility, DR 7-102 (A) (2), it is prohibited for an attorney to “[k]nowingly advance a claim or defense that is unwarranted under existing law”. DR 2-110 (C) (1) (a) permits withdrawal by the attorney if his client insists upon presenting such a claim or defense. These disciplinary rules, as well as their underlying ethical basis, establish, as Judge Brieant held, that an attorney cannot be compelled to advance a cause which he does not believe is legally justified. As put by a court in a sister jurisdiction, “When an attorney loses faith in his cause, he should either retire from the case or dismiss the action.” (Larimer v Smith, 103 Cal App 98, 101, 19 P2d 825, 827.) It also seems obvious that the attorney’s judgment cannot be the subject of scrutiny unless there is some affirmative evidence of bad faith (Kirsch v Duryea, 21 Cal 3d 303, 578 P2d 935). In this case, there is not the slightest suggestion of bad faith. A trial is not a rhetorical debate. The *607 attorneys are not aligned by lot and they are not required to do their best in presenting a position with which they ethically disagree.
The motion to withdraw is granted.

 This motion was brought on by notice. It is unfortunate that moving counsel did not follow the mandate of CPLR 321 (b) (2), which requires that a motion to withdraw be commenced by way of order to show cause. In such event the court could have protected plaintiff against disclosure of counsel’s opinion to defense counsel. Thus, not only was the statute not followed, but its purpose was defeated. It is only because of moving counsel’s disclosure of its opinion in the affirmation served upon defense counsel that this court has seen fit to repeat that opinion.