SHARP, W., J.
Elton, the petitioner in this case, seeks certiorari review of the circuit court’s order that denied his motion to withdraw as counsel for the plaintiff, Mare Dougherty, in a civil lawsuit. We grant the writ.
In the lawsuit below, Dougherty sued various tobacco companies for injuries she suffered in 1997. She had a severe asthma attack which caused respiratory failure and left her partially paralyzed and partially blind. The amended complaint was served on May 8, 2001. She alleged and sought to prove that her constant inhalation of second-hand cigarette smoke in the course of her employment as a bartender caused her respiratory arrest.
On May 24, 2005, the parties completed the deposition of Dougherty’s treating pul-monologist. He testified she had a genetic predisposition to develop asthma, and that she probably would have developed asthma, even if she had never been exposed to second-hand smoke. He had no opinion as to whether her exposure to second-hand smoke caused or contributed to her asthma attack and pulmonary failure.
Immediately after the doctor’s deposition, Elton told Dougherty that he did not believe her case could be won, and that he intended to withdraw. However, she persuaded him to attend a case management conference on June 23, 2005 before moving to withdraw so that she would have time to find a substitute attorney. The case was set for trial during a two-week period beginning July 3, 2006.
On September 9, 2005, Elton filed his motion to withdraw. As grounds, Elton stated he could not afford to advance the costs necessary to prosecute an expensive *202 products liability case. Because his client is disabled, he requested that the court give her ninety days to obtain other counsel.
A hearing was held on the motion to withdraw on September 20, 2005. The court deferred ruling for thirty days to allow Dougherty to find substitute counsel. A second hearing was held on November 3, 2005. Dougherty opposed, the motion to withdraw, but did not say she had tried to obtain other counsel. The court orally denied Elton’s motion, but extended the time to disclose expert witnesses.
On November 8, 2005 Elton filed a motion for rehearing, alleging that in his professional opinion, the case could not be won, referencing the deposition of the treating physician, and asserting a conflict of interest because he is unable and unwilling to advance the costs of litigation. The court denied his motion for rehearing on November 9, 2005.
On December 1, 2005, the tobacco company defendants served motions for summary judgment on causation and other issues. Elton filed this petition, on December 8, 2005, and the trial court stayed the case. It was removed from the July 3, 2006 trial docket.
The leading case on the withdrawal of an attorney in a civil case is Fisher v. State, 248 So.2d 479 (Fla.1971). The attorney, Fisher, had been defending a person in an automobile accident case, when the person’s insurance company went into receivership, making it unlikely that Fisher would be paid or reimbursed for costs if he continued his representation. The trial court denied his motion to withdraw and he was held in direct criminal contempt of court for refusing to appear at trial. He argued he should not be required to represent a client whose interests are adverse to his own. The adversity stemmed from his being forced to spend his own money and time in taking depositions, and preparing and handling the lawsuit with no expectation of being paid.
The supreme court reversed the trial court’s order holding Fisher in direct criminal contempt. It held that because the case had not been scheduled for trial, and there was ample time for the client to obtain new counsel, Fisher had the right to withdraw as counsel of record. It noted that to require an attorney to represent a client whose interests are opposed to his own, is violative of the professional standards of ethics, and could subject the lawyer to serious disciplinary action. Further the court recognized that in a civil case any attorney of record has the right to terminate the representation and withdraw as attorney of record upon due notice to the client and approval by the court. Approval should be denied by the court only in rare circumstances, when demonstrated that withdrawal would interfere with the efficient and proper functioning of the court. Id. at 486.
Illustrative of such rare circumstances are cases in which counsel seeks to withdraw shortly before trial,[1] or where the attorney seeks to withdraw in an old case, not because of a conflict of interest but because of his dissatisfaction with a fee arrangement.[2] The trial court denied Elton’s motion to withdraw because he failed to demonstrate good cause, and did not overcome the showing of great material prejudice to his client by withdrawing at “this eleventh hour.”
*203 This case is an old one, having been filed in 1999, and was on the trial docket. Because Dougherty is handicapped, the trial court stated, at the hearing on November 3, 2005, that it would impede the business of the court if Elton were to withdraw. However, based on this record, Elton did not seek to withdraw from the case on the eve of trial. It had been pending a long time, but the deposition of the treating physician was not completed until May 24, 2005. Although a trial had been scheduled when Elton filed his motion to withdraw, it was not set to commence for almost ten months.
The Rule Regulating Florida Bar 4-1.16(b) provides:
(b) When withdrawal is allowed. Except as stated in subdivision (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
(1) the client persists in a course of action involving the lawyer’s services that the lawyer reasonably believes is criminal or fraudulent;
(2) the client has used the lawyer’s services to perpetrate a crime or fraud;
(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer’s services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
(6)other good cause for withdrawal exists.
This rule permits withdrawal from a case even if the interests of the client are adversely affected, provided one of the six grounds is present. One ground is unreasonable financial burden on the attorney. Elton asserted this ground below. Another ground is if other good cause exists. Here, Elton asserted that after conducting discovery he concluded that the case lacked merit. In other states, an attorney’s assertion that he or she can no longer prosecute the case in good faith, provides good cause for withdrawal.[3] Further, prosecution of a case which the attorney believes lacks merit under the facts or law, can subject him or her to sanctions in the form of assessment of attorney fees for the defending parties. § 57.105, Fla. Stat. (2005).
In this case, Elton has determined that Dougherty’s case lacks merit, and he is no longer willing to advance costs necessary to proceed. Dougherty cannot pay the costs. Thus, the attorney’s and client’s interests are in insurmountable conflict.
The unusual circumstances noted in Rule 4 — 1.16(b)(5) and (6), which justify a court’s approval to withdraw, exist in this case. Elton’s motion to withdraw was filed in an older case, but not on the eve of trial, and it was filed promptly after the attorney determined he could not prosecute the case further in good faith. Accordingly, we grant the petition and quash the trial court’s denial of Elton’s motion to withdraw. Failure to allow withdrawal in this case was a departure from the essential requirement of law.
*204 Petition for Writ of Certiorari GRANTED; Order QUASHED.
THOMPSON and LAWSON, JJ„ concur.

. See Atlantic Commercial Development v. Nortek, Inc., 403 So.2d 624 (Fla. 5th DCA 1981).

. See Hollis v. F.B. Myers & Bro. Co., 482 So.2d 568 (Fla. 4th DCA 1986).

. See Kirsch v. Duryea, 21 Cal.3d 303, 146 Cal.Rptr. 218, 578 P.2d 935 (1978); Cohen v. Tzimas, 135 Misc.2d 335, 515 N.Y.S.2d 173 (N.Y.Sup.Ct.1987); Rindner v. Cannon Mills, Inc., 127 Misc.2d 604, 486 N.Y.S.2d 858 (N.Y.Sup.Ct.1985).