■ S. N. HOFFERT DIAMOND CO., INC., Respondent, v. ROY L. VALENTINE and Other Underwriters at Lloyd's London, Subscribing to Policy No. 81186, Appellants.— Order entered May 31, 1967, as herein appealed from, unanimously modified, on the law and the facts, and the motion to strike interrogatories 7, 9 and 16 is granted. As so modified the order is otherwise affirmed, with $30 costs and disbursements to appellants. The reports of the New York counsel to the defendants, their clients, represent the work product of such attorney and are not obtainable (CPLR 3101, subd. [c]). The fact that such attorney was not licensed to practice in California does not alter the nature of the work,

nor did such person cease to be an attorney acting on behalf of his client by virtue of such nonlicense. This is not a suit to recover attorney's fees. Similarly, the report or reports of accountants retained by original counsel for defendants, which reports were submitted to such counsel, need not be disclosed (CPLR 3101, subd. [d], par. 1). It does not appear that the contents of such reports cannot be duplicated (CPLR 3101, subd. [d]), and that the withholding of such reports will result in injustice and hardship. Plaintiff here seeks judgment on an insurance policy claiming a holdup loss within the terms of such policy. Defendants are resisting the claim on various grounds. Interrogatory 9, in substance, requests if defendants contest the claim of robbery any evidence in support of their position be furnished, including the names and addresses of witnesses. No necessity for such information is shown (CPLR 3101; *Giamberdino* v. *Mileo,* 10 A D 2d 814; cf. *Kandel* v. *Tocher,* 22 A D 2d 513). The order should be modified as heretofore indicated (see, generally, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.50 *et seq.*) Concur — Stevens, J. P., Capozzoli, Rabin, McNally and Bastow, JJ.