■ ELIZABETH MELENDEZ, an Infant, by LUZ M. MELENDEZ, Her Mother and Natural Guardian, et al., Appellants, v UNION HOSPITAL OF THE BRONX et al., Defendants. MORRIS J. EISEN, P.C., Respondent. — Order, Supreme Court, Bronx County (Callahan, J.), entered on June 5, 1981, which denied plaintiffs' motion to turn over certain hospital records and reports of medical experts, is unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion granted, with costs and disbursements. This is a medical malpractice action wherein a controversy has arisen between plaintiffs' present counsel and their former attorney, involving the latter's refusal to turn over certain documents. After substitution of attorneys, incoming counsel reimbursed the outgoing firm, the respondent, the appropriate fee for what was purported to be the entire file in the instant matter. Thereafter, counsel discovered that other pertinent hospital records and reports of medical experts existed. The documents were not released and plaintiffs sought their production. Respondent raised the defenses of attorney work product (CPLR 3101, subd [c]), and material prepared for litigation (CPLR 3101, subd [d], par 2). However, under the facts of this case both of these defenses are unavailing. The cases cited by respondent as authority to support their claim are also unpersuasive. In both *Hoffert Diamond Co. v Valentine* (29 AD2d 517), and *Hickman v Taylor* (329 US 495), one party, in an adversarial posture, was seeking to discover certain documents from his opponent. In both instances,

the respective courts found the material to be privileged. In the facts now before this court, no adversary relationship exists. Both attorneys are, and should be, seeking to further the aims of the plaintiffs herein. In situations where a client will be unfairly prejudiced, courts have exercised control over officers of the court and compelled "attorneys to act equitably and fairly towards their clients" (*Robinson v Rogers,* 237 NY 467, 472). By failing to turn over the requested documents, the only party to be prejudiced will be the plaintiff, the party who engaged these attorneys. By requiring the production of these documents the interest of the client will be adequately protected. In addition, incoming counsel recognizes an obligation on his part to further reimburse the outgoing firm for the actual disbursements and fees made to obtain these records and experts' reports. This reimbursement should be separate and distinct from any charging lien that the outgoing firm may possess. Concur — Sandler, J. P., Ross, Silverman, Bloom and Lynch, JJ.