■ In the Matter of DAVID VEGA et al., Appellants. — In a proceeding, *inter alia,* for the substitution of attorneys, petitioners appeal, as limited by their

brief, from so much of an order of the Supreme Court, Kings County (Monteleone, J.), dated April 19, 1982, as denied their request for evidentiary materials and experts' reports obtained by their former attorneys in the course of preparing their case for trial. Order reversed insofar as appealed from, on the law, with costs, and respondent is directed to furnish the petitioners with the requested evidentiary materials and experts' reports, on condition that petitioners reimburse the outgoing law firm for its actual disbursements incurred in obtaining these materials and reports. Respondent is the law firm of record who represented the petitioners in a personal injury action in the Supreme Court, New York County, which was ultimately dismissed as barred by the applicable Statute of Limitations. Petitioners thereupon consulted their present attorneys, who brought this proceeding in an effort to obtain certain evidentiary materials and experts' reports which had been acquired by the respondent in the course of preparing the petitioners' case for trial. Disclosure was resisted on the ground, *inter alia,* that the material in issue constituted privileged matter (i.e., attorney's work product) which was immune from disclosure pursuant to CPLR 3101 (subd [c]). Special Term, apparently agreeing with the respondent, sustained its position and this appeal followed. We reverse. At least in the absence of any dispute regarding unpaid counsel fees, and subject to the obligation to reimburse outgoing counsel for the actual expenses incurred in procuring such information, a client is generally entitled to obtain from his former attorney experts' reports and other evidentiary materials acquired by the latter in the course of preparing his case for trial (see *Melendez v Union Hosp. of Bronx,* 88 AD2d 831; *Tartaglia v De Aragon,* 52 AD2d 876; *McKelvey v Oltmann,* 16 AD2d 957). The foregoing arises out of the obligation of an attorney to act fairly and equitably towards his client (see *Robinson v Rogers,* 237 NY 467, 472), and cannot be avoided by the assertion, as here, that the information in question may ultimately be used in a subsequently commenced malpractice action against the former attorneys, or may be independently discoverable within the confines of any such action. Accordingly, Special Term erred in failing to direct the respondent to turn over the materials in issue on this appeal, upon the condition that it be reimbursed for its actual expenses in procuring same. Gibbons, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.