# In the Matter of the Estate of J. S. JOHNSON, Deceased.

Surrogate's Court, New York County, February 6, 1989

### APPEARANCES OF COUNSEL

*Sullivan & Cromwell (Theodore O. Rogers, Jr.,* of counsel), petitioners *pro se. Kramer, Levin, Nessen, Kamin & Frankel (Maurice N. Nessen* and *Jason Brown* of counsel), for Barbara P. Johnson. *Simpson Thacher & Bartlett (William J. Manning, Thomas J. McGrath, David E. Massengill, Peter C. Thomas* and *Douglas C. Blakeman* of counsel), for Sherman & Sterling. *Paul, Weiss, Rifkind, Wharton & Garrison (Bernard H. Greene* and *Debra G. Kosakoff* of counsel), for Nina S. Zagat, coexecutrix.

### OPINION OF THE COURT

MARIE M. LAMBERT, S.

In a prior decision (NYLJ, Jan. 5, 1989, at 23, col 1), this court determined that the documents of the law firm of Sullivan & Cromwell were not subject to the attorney-client

privilege in the pending proceeding for a permanent injunction. Sullivan & Cromwell has now moved for a protective order with respect to a very limited number of documents on the ground that they are the law firm's internal work product and are immune from disclosure. With the consent of all parties, the documents were produced for review in camera by the Judicial Hearing Officer and the Chief Law Assistant, and they have reported to the court as to the nature of the documents. These disputed documents are clearly internal work-product documents which contain the opinions, reflections and thought processes of partners and associates of Sullivan & Cromwell, and which have not been communicated or shown to individuals outside of that law firm.

There have been very few cases dealing with the question raised by this motion, perhaps because there is a succinct statutory provision directly on point whose legislative history is clear and undisputed. CPLR 3101 (c) provides as follows: "(c) Attorney's work product. The work product of an attorney shall not be obtainable." *(See,* 3A Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3101.42-3101.45; *cf., Beasock v Dioguardi Enters.,* 117 AD2d 1016.) As is stated by a noted treatise on the CPLR: "In 1985, CPLR 3101 (d) was completely rewritten to bring the practice regarding disclosure of trial preparation materials closer to that of the Federal Rules of Civil Procedure 26 (b) (3) and 26 (b) (4). Although CPLR 3101 (c) was not amended, its significance may be even more sharply limited in view of the specific provisions which may now be found in subsection (d), protecting the 'mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.' Insofar as the instant subdivision retains any vitality, it is as a continuing recognition of the sanctity of the. lawyer's mental impressions and strategic analyses." (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.42, at 31-156–31-157.)

The above-quoted treatise concludes that CPLR 3101 (c) should be construed as narrowly as possible to include only those materials prepared by the attorney, acting as an attorney, and containing his analysis and trial strategy. This is specifically the type of materials. that Sullivan & Cromwell has claimed as its work product, and the court agrees with its contention.

In opposition to the motion, the attorneys for the respondent rely on *Matter of Vega* (94 AD2d 799), a Second Department opinion which held that a client is entitled to obtain

from his former attorney's experts' reports and other evidentiary materials acquired by the attorney in the course of preparing his case for trial. They also rely on a California decision *(Lasky, Haas, Cohler & Munter v Superior Ct.,* 172 Cal App 3d 264, 218 Cal Rptr 205 [2d Dist 1985]), which stated in a footnote as dicta that there might be public policy considerations for creation of an exception to the absolute work-product privilege where a client is making discovery efforts to facilitate preparation of his own malpractice action against his former attorney. These two cases do not in any way create an exception to the absolute work-product privilege which belongs to the attorney and not the client. Moreover, the *Vega* determination concerned the duty of a discharged attorney to provide the former client with the litigation case file consisting of experts' reports and other evidentiary materials so that new counsel could prepare his case. Those reports and materials were not the "mental impressions, conclusions, opinions or legal theories" of the discharged attorney. The California case is inapposite because a different law firm was the subject of a malpractice action. The documents at issue here are internal, undisclosed notations of an attorney's thoughts and analyses and are absolutely protected from disclosure.

Accordingly, the motion is granted.