■ ZACKIVA COMMUNICATIONS CORP., Appellant, v MILBERG WEISS BERSHAD SPECTHRIE & LERACH, Respondent. [636 NYS2d 768] —Order and judgment (one paper), Supreme Court, New York County (Walter Schackman, J.), entered August 28, 1995, which *inter alia*, denied petitioner client's application to vacate an arbitration awarding legal fees to respondent law firm, unanimously affirmed, with costs. Order, Supreme Court, New York County (Diane Lebedeff, J.), entered May 17, 1995, which, in a replevin action by plaintiff client seeking a file in the possession of defendant law firm, insofar as appealed from, denied plaintiff's motion for summary judgment in part, unanimously affirmed, with costs.

Petitioner fails to demonstrate any grounds for vacating the arbitration award (CPLR 7511), which does not enforce a nonrefundable retainer agreement in violation of public policy, was not improperly modified by the arbitrator, and is not in excess of the arbitrator's authority in awarding statutory interest. Concerning the replevin action, plaintiff failed to justify its need for the information contained in that portion of the file as to which replevin was denied, which include handwritten notes, checklists, list of questions to be asked, drafts of letters and memoranda, copies of cases with notations and typed internal memoranda relating to the pleadings and document production, all with respect to a concluded litigation. We agree with the IAS Court that material such as this should be deemed the private property of the attorney, at least where the litigation it relates to has been concluded and the client fails to demonstrate a need for its possession (*see, Matter of Johnson*, 142 Misc 2d 690; *cf.*, Code of Professional Responsibility DR 2-110 [A] [2] [22 NYCRR 1200.15 (a) (2)]). Concur—Murphy, P. J., Sullivan, Kupferman, Ross and Williams, JJ.